Canter vs. Heirs of Williams.

No. 14,116.

J. T. CANTER VS. HEIRS OF PETER WILLIAMS.

SYLLABUS.

1. Article 233 of the Constitution of 1898 declares that no sale of property for taxes made prior to the adoption of the Constitution shall be set aside for any cause, except on proof of dual assessment, or the antecedent payment of taxes, unless the proceeding to annul is instituted within three years from the adoption of the Constitution.
2. That provision of the Constitution was intended to have the effect of a statute of repose.
3. After the lapse of the three years from the adoption of the Constitution, the party in possession under his tax title, which has been duly recorded, cannot be disturbed except for the two causes mentioned.
4. Certainly, the claimant owner out of possession cannot be heard to urge other causes for setting aside the adverse tax title, or preventing its confirmation.

| | |
|---|---|
| 107 | 77 |
| 109 | 82 |
| e109 | 651 |
| 109 | 746 |

| | |
|---|---|
| 107 | 77 |
| 114 | 289 |

| | |
|---|---|
| 107 | 77 |
| e115 | 1076 |
| 107 | 77 |
| d116 | 448 |
| d117 | 353 |

| | |
|---|---|
| 107 | 77 |
| 118 | 95 |

| | |
|---|---|
| 107 | 77 |
| f124 | 414 |
| 125 | 667 |

APPEAL from the Fifteenth Judicial District, Parish of Calcasieu —*Williams, J. ad hoc.*

*Cline & Cline*, for Plaintiff, Appellee.

*M. Dracos Dimitry, Sompayrac & Toomer* and *James J. McLoughlin*, for Defendants, Appellants.

The opinion of the court was delivered by

BLANCHARD, J.  Peter Williams acquired under the "homestead" Act of Congress, the southeast quarter of Section 18, Township 10 south, Range 12 west, situated in the Parish of Calcasieu.

Patent therefor issued to him on September 10, 1880.

He failed to pay taxes assessed thereon for the year 1882, and the property was sold in satisfaction thereof in May 1883, and bought by S. A. Fairchild, to whom the Tax Collector made formal title, which was placed of record in Calcasieu Parish on June 4, 1883.

Leon & H. Blum recovered a judgment against Fairchild, and in execution thereof the sheriff seized the land in question as the property of Fairchild, and, after due proceedings had, adjudicated the same in December 1893 to the Leon & H. Blum Land Company.

Subsequently, to-wit: in September 1896, the Leon & H. Blum Land

Company conveyed the land, with other lands, to W. L. Fairchild, and the latter, in March 1898, conveyed the same to M. Marx and Aaron Blum.

Marx and Blum, in turn, conveyed the land in April 1901 to the plaintiff herein, J. T. Canter.

These several acts of sale appear to have been duly and seasonably registered in the conveyance records of the Parish of Calcasieu, and, it would seem, the possession of the land. accompanied the acts of transfer.

In June following his acquisition of the title, Canter brought the present action to confirm the tax title, to which the chain of title, under which he holds, traces back.

It is brought under the authority of the second paragraph of the Art. 233 of the Constitution of 1898 and Section 3 of Act 101 of the Acts of 1898—which act was designated to carry into effect the Article of the Constitution.

Defendants are the sole heirs of Peter Williams, who had acquired the land under the homestead law. Peter Williams, it seems, left the Parish of Calcasieu, removed to the City of New Orleans, became a resident there, died there, his succession was opened there and his heirs were recognized and sent into possession of his estate by judgment of the District Court there, rendered in 1897.

This judgment sending into possession, specifies the property constituting the estate, with reference to which it (the judgment) was to be operative, and the land in question in this suit is not mentioned or referred to.

From 1883 to the time of the institution of the suit, therefore, it would seem that neither Peter Williams, nor his heirs, have laid claim to the land, nor paid taxes thereon.

Art. 233 of the Constitution declares that no sale of property for taxes, *made prior to the adoption of that instrument,* shall be set aside for any cause, except on proof of dual assessment, or of payment of taxes for which the property was sold prior to the date of sale, unless the proceeding to annul is instituted within three years from the adoption of the Constitution.

Among the defenses set up is not found that of dual assessment of the property, nor that of payment of taxes, for which the property was sold, prior to the date of sale.

As to other causes or grounds existent for setting aside the tax title,

we do not find that any proceeding to annul was instituted within three years of the adoption of the Constitution.

Viewing the various defenses set up herein, in bar of plaintiff's demand for the confirmation of the tax title under which he claims, as a "proceeding to annul," they cannot be entertained for they are asserted too late. This suit was filed more than three years after the adoption of the Constitution. As against them, the peremption or prescription of the Constitution is invoked.

That provision of the Constitution was intended to have the effect of a statute of repose. After the lapse of the three years from the adoption of the Constitution the party in possession under his tax title, duly recorded, cannot be disturbed except for the two causes mentioned in Art. 233—that of dual assessment and that of antecedent payment of taxes. Certainly, the claimant owner out of possession, as here, cannot be heard to urge other causes for setting aside the adverse tax title, or preventing its confirmation.

Judgment affirmed.

