Statement of the Case.
NICHOLLS, C. J.
The plaintiff avers that on the 28th of March, 1S93, he purchased from the state of Louisiana, acting through the State Auditor, under the provisions of Act No. 80 of 1888, six lots of ground in the Sixth district of the city of New Orleans, which he described, which Auditor’s deed was registered in the conveyance office of the parish of Orleans on the 5th of April, 1893; that said property was bid in and adjudicated on December 20, 1884, to the state of Louisiana for the delinquent state taxes of the year 1882, assessed in the name of Jacob Joachim, with interest, penalties, and costs by the deputy state tax collector, and an act of sale to the state was duly executed on the 4th of February, 1885, and the same was recorded on the 2d of May, 1885.
That he had had the corporeal possession of said property since he acquired the same as aforesaid, and that his said tax title had been quieted by the prescription of three years, as provided in article 233 of the Constitution of 1898.
That Jacob Joachim, or his estate or heirs (name or names, residence or residences, to him unknown), Valentine Steubenrauch (residence unknown), and certain other named persons, some of whom were declared to be residents of the state and others absentees, *741 all claimed to be the former proprietor or proprietors of said property; that it was necessary that the absentees should be represented by curators ad hoc appointed in their behalf, and to Jacob Joachim, his estate or heirs; and that the other persons named should be notified that he was the owner of said property by virtue of said tax sale, and that the tax title would be confirmed unless a proceeding to annul was instituted within 10 days from the service of the petition and citation made upon the others.
The curator ad hoc, other than the, one representing Jacob Joachim or his estate or heirs, filed a general denial.
The curator to Joachim or his heirs denied that the plaintiff was the owner of the property, or any portion of the same. He alleged that, at the date the property was declared to have been adjudicated to the state, Joachim was dead, and the alleged adjudication to it was made without the previous notice required by law; that the adjudication was null and void, and,any transfer made by the state, and based upon that adjudication, was null and void. He denied that the plaintiff had any title to the property by virtue of any prescription provided for in any article of the Constitution.
A number of the parties cited answered, averring themselves to be the heirs at law of James Noailles Brickell. They answered, pleading first a general denial. They averred that James N. Brickell died intestate in New Orleans on the 26th of December, 1877; that he left considerable real estate in the city of New Orleans, which they described, which property was acquired by Brickell from Mrs. Rachel Martin on the 25th of April, 1S53, and the act of purchase registered on the 28th of June, 1853; and that the same was not alienated by Brickell during his lifetime, nor by his succession or heirs since his death. They averred that if the property referred to in plaintiff’s petition was intended for defendants’ property, it was not so, nor could it be, as the description given in said description and the property claimed therein did not in any particular correspond with the description of their property in lot numbers, dimensions of lots, location of lots, nor with the numbers and loca1 tion of lots on the plan on which defendants’ lots are represented or delineated, by which they could in any way be identified as the said property of defendants. Further answering, they alleged that, if the pretended sale or adjudication to the state of Louisiana for state taxes assessed in the name of Jacob Joachim by the state tax collector on the 20th of December, 1884, and the act of sale to the state on the 22d of -, 1885, and the registry thereof as alleged in plaintiff’s petition, which defendants denied, was intended to be for defendants’ described property, then said adjudication and sale were absolutely null and void, and of no effect in law in so far as defendants’ property was concerned or might be affected thereby, especially for the reason that the legal title to defendants’ said property was then in the heirs of James N. Brickell, and had since the year 1853 been absolute in him during his lifetime, and after his death had vested in defendants, who had never parted with the same, nor had they been in any way devested of the same, nor had any one by the name of Jacob Joachim, or any other person or persons, had any right, title, or interest therein, excepting said J. N. Brickell since he acquired the same in 1853; that there had been no assessment in his name of said property during any of the years embraced in the period between 1853 and 1901, and no tax was levied, nor could it have been levied, without any assessment on said property for the same period embraced within said dates, and therefore there was not and could not have been any legal tax adjudication or sale of defendants’ said property for said year 1881 or any other year between 1863 and 1901. Therefore plaintiff’s pretended tax deed of the 28th of March, 1893, by the State Auditor, described in plaintiff’s petition, if same was ‘intended for defendants’ described property, or any part of it, was an absolute nullity, and could not and did not affect defendants’ property, nor give plaintiff any right, title, or claim thereto, or to any part thereof, and plaintiff’s further claim to title by possession of property and the prescription of three years under the provisions of article 233 of the Constitution of 1898, if intended to apply to defendants’ said property, is not applicable, on the ground that the provisions of the Constitution of 1898 are not retroactive; and further, that no such prescription lies against *743 absolute nullities, as those enumerated by the plaintiff.
Further answering, defendants averred that in another suit filed in the civil district court, entitled “The Heirs of Joseph N. Brickell v. Valentine Steubenrauch,” No. 38,474 of its docket division E, wherein the issues presented were similar, almost identical, to those presented in the suit then before the court, and wherein said Steubenrauch was claiming to hold and own as the property of defendants, and as against them, the same property described in plaintiff’s petition, by virtue of another sale for state taxes assessed in the name of Jacob Joachim, judgment was rendered in favor of the defendants herein as against said V. Steubenrauch, recognizing and decreeing them to be the owners by inheritance from Joseph N. Brickell of the lots above described which had belonged to Joseph N. Brickell. Defendants annexed the record of said suit to their answer.
Assuming the character of plaintiffs in re-convention, they alleged that the illegal and wrongful claims and pretentions of the plaintiff Lockhart, and his persistency in illegally publishing and proclaiming himself to be the owner of defendants’ property, had caused the title to the same to be covered up with a cloud of doubt and suspicion, and had prevented defendants from selling or alienating said property, or from deriving any rents or revenue therefrom, and had caused them great loss, damage, and injury, and unnecessary expense in investigating and defending their title, and from depreciation in the value thereof, and had prevented them selling to advantage their said property at a time when they could and would have sold same, and when the values of such and. like property was worth more than double the present merchantable value of said property, thereby causing a loss to defendants in the depreciation of the value of the property of over $2,-500. Defendants alleged the present value of the property to be over $2,500.
Defendants prayed that plaihtiff’s demand to be recognized and placed in possession of the property described in his possession of same, if intended to apply to defendants’ described property, be refused and rejected, and that they be recognized as the heirs at law of James Noailles Brickell, the owners of the property claimed by them and fully described, and that they have judgment against the plaintiff for the sum of $2,500 as damages for the illegal and wrongful acts of the-plaintiff in slandering defendants’ title, together with legal interest from judicial demand. Defendants, with leave of court, filed a supplemental and amended answer in which they reiterated the allegations of their answer and defenses, and added to and supplemented the same as follows:
1st.' That James Noailles Brickell died in-New Orleans on the 26th of December, 1877, and that respondents were recognized as sole- and only legal heirs at law by a judgment rendered by the Honorable N. H. Rightor,. late judge of the civil district court, Division “D,” on the 23d day of June, A. D. 1896, and signed on the 30th day of June, A. D. 1896, in the suit entitled “Heirs of James N. Brickell v. Valentine Steubenrauch,” No. 38,474 of the docket; that no person by the-name of Jacob Joachim ever had any right or title to the property of said James N.. Brickell, which was still owned by respondents, any pretended assessment claimed to-have been made of respondents’ property in the name of Jacob Joachim was an absolute-nullity, and any adjudication or sale to the-state for the taxes of the year 1882, or any other year, based on such an assessment, was an absolute nullity; that no one of these defendants herein had any legal notice from the assessor to make any assessment return, nor any legal or other notice, as is-required by law, when property is to be assessed or is to be advertised and sold for the-purpose of enforcing the payment of alleged' taxes, nor notice of the delinquency of any pretended - taxes claimed to be due on their said property for the year 1882, or any year-prior thereto, or any other years for which it is claimed in plaintiff’s petition that respondents’ said property was sold, nor was any legal notice of any contemplated or intended sale of respondents’ said property given to any one of them. Especially did they deny any notice of the alleged sale in plaintiff’s petition by the state tax collector on the 20th-day of December, A. D. 1885, or at any other-time, or for any other sale for taxes of any year, was ever served upon any one of them,, as required by article No. 210 of the Constitution of the year 1879, and laws passed in *745 pursuance thereof; therefore said pretended sale alleged in plaintiff’s petition for the state taxes for the year 1882 was an absolute nullity, not curable by the provisions of article No. 233 of the State Constitution of the year 1898. That plaintiff had never paid the tax■es due on said property at the date of his pretended purchase and subsequent years •assumed by him, and he was therefore a possessor in bad faith.
2d. That if said article No. 233 of the State ■Constitution of the year 1898 could have or be claimed to have the effect of curing or qui■eting or removing absolute nullities, such as exist in the present case, to wit, the total want of assessment and the total want of notice of assessment of delinquency and of •sale, then respondents pleaded and charged that said article No. 233 of the State Constitution of the year 1898 was unconstitutional, conflicts with, and is in violation of the Constitution of the United States, in that, If carried into effect, it would deprive respondents of their said property without due process of law, which right is guarantied to them by the Constitution of the United States and the Constitution and laws of the state of Louisiana, especially article No. 210 •of the Constitution of the year 1879, in force prior to the adoption of the Constitution of 1S98 and at the time the sale alleged in plaintiff’s petition took place.
The district court rendered judgment in favor of the plaintiff against the defendants the heirs of J. N. Brickell and Valentine Steubenrauch, confirming plaintiff’s title to and recognizing him as the sole owner of the property claimed by him.
On application of the heirs of J. N. Brick-ell, a new trial was ordered. The case was tried a second time on the same evidence as before, with reservation of and subject to the same objections which had been made on the first trial, with some additional evidence. The court rendered the same judgment it had done before, and the heirs of Brickell appealed.
Opinion.
John M. Lockhart seeks in the present proceeding to have his title to the property described in his petition confirmed under the provisions of article 233 of the Constitution of 1S98, and of Act No. 101 of the General Assembly of the same year, entitled “An act to provide a manner of notice and form of proceeding to quiet tax titles in accordance with article 233 of the Constitution of 1898.”
He declares upon an act of sale of these properties to himself, executed on the 28th of March, 1893, from W. W. Heard, State Auditor of the state of Louisiana, acting under section 3 of Act No. 80 of 1888. In this act it is recited that the properties were adjudicated to the state of Louisiana for the unpaid taxes of-1881, 1882, and 1883 in the name of Jacob Joachim. This act to Lockhart was recorded in the Book of Conveyances for the parish of Orleans on the 5th of April, 1893. The act of adjudication to the state was recorded in the Conveyance Book on May 2, 1885.
The plaintiff alleges that he has been in the actual corporeal possession of the property ever since the date of his acquisition in 1893. In support of his demand he refers the court to Canter v. Heirs of Williams, 107 La. 77, 31 South. 627, and to Ashley Co. v. Bradford (recently decided by this court) 33 South. 634, ante, p. 641.
He urges that the property had been forfeited to the state for delinquent taxes prior to the adjudication to it in 1885. The act of sale to the plaintiff from the state and the act of adjudication to the state in 1885 are in the record. Plaintiff’s title was brought before us in the matter entitled “John M. Lockhart v. M. C. Smith,” reported in 47 La. Ann. 121, 16 South. 660.
In that action the adjudication made to the state in 1885 for the unpaid taxes of 1881, 1882, and 1883, assessed on the property in the name of Jacob Joachim, was decreed to convey to the state no title, and to be an absolute nullity. The action was one brought to comxjel the defendant Smith, who had agreed to purchase the prox>erty, to comply with his obligations and take. This court refused to make him do so.
The condition of the titles to the property at the time of the adjudication to the state was shown in that suit. There was an error in the recitals in the judgment as to the proceedings under which Joachim is asserted to have obtained a title. They were directed against C. C. Briche, not G. C. Brickell. The property had belonged to James N. Brickell. His title wras of record, and neither he nor *747 his heirs had devested themselves of it, nor had been devested of it. He died in December, 1877, when the property vested in his heirs. They were placed in possession by decree of court on the - day of -, -■. Joachim died June 23, 1883.
The heirs of James N. Brickell have been made defendants in the present suit. They were not parties to the suit of Lockhart v. Smith.
The conclusions which we reached in the case of Lockhart v. Smith as to the nullity of the adjudication made to the state in 1885 have not changed, and, were matters made to vest at the present time upon the intrinsic strength of plaintiff’s title in a petitory action brought against the heirs of Brickell, his demand would be rejected, but a new condition of affairs has been brought about by the Constitution of 1898, and we are called on to consider the effect of article 233 of that Constitution upon the rights of the parties to this litigation. Plaintiff has adduced evidence to show that he has been in the open, actual, corporeal possession of the land since 1893, when the sale was made to him by the state. We alluded in our judgment in the first-named suit to the affidavit introduced in evidence therein of one Wilson, that he was then in the open, actual possession of the property under a lease from Lockhart. He has given his testimony in the present suit to the same effect, and he is corroborated by that of Smith, and Wall, his attorney. There are no buildings' upon the premises, but a fence was placed around it by Wilson, and it seems that the property has been utilized for the keeping of horses within its inclosures.
The heirs of Brickell brought a petitory action in March, 189C, against one Valentine Steubenrauch, alleging that “he was illegally and in bad faith in possession of the property.” Steubenrauch was an absentee at that time, and the case went to trial contradictorily with a curator appointed to represent him. The action terminated in 1896 in a judgment in favor of the plaintiffs, recognizing them as owners of the property, but they seem to have taken no steps to take possession under the judgment. They were evidently mistaken as to who was in possession, and doubtless, in error of fact, they permitted the defendant to hold actual possession for three years after the adoption of the Constitution of 1898. Not only was Lockhart’s own deed of conveyance from the state of record during that whole period, but the adjudication to the state under the tax sale made in 1885 had been also of record from that year. We see, therefore, that from May, 1898, up to the institution of this suit, a period of more than three years, there was a person holding actual possession of the property, and claiming ownership under a tax title which had been duly recorded in 1885, against whom the heirs of Brickell could have proceeded. The state’s title, as well as that of Lockhart, was open to attack all this time. Under the Constitution it is mandatory upon owners of property to keep advised as to whether third parties are holding possession of the same under a claim of ownership, and it is required, should this claim of ownership be predicated upon a tax sale, to take action to assert their rights within a certain designated time. These owners are notified that, although these claims of ownership may be null and assailable within the period aforesaid, they will be placed beyond attack after that delay, except as to specially enumerated nullities.
The convention, through the Constitution, had the right to impose this duty upon the owners of property, and, should they lose their rights, it is the result of their noncompliance with the law. Actual possession of their property conveyed notice. It is no new doctrine in this state that an owner of property can be devested of his ownership by one having really no claims against him or the property itself should he permit him to hold actual possession of the same for 30 years, even though without title and in bad faith. The convention had the right to shorten this period, from motives of public policy, from 30 years to 3 years, in favor of parties holding possession under tax titles, even though, but. for this provision of' the Constitution, these titles could have been judicially declared null and void. Of course, in the exercise of this power, owners should be accorded a reasonable delay within which to indicate their rights. It is not pretended that three years is an unreasonably short time.
We have no alternative but to enforce the law. For the reasons assigned, it is ordered, *749 adjudged, and decreed that the judgment appealed from be, and the same is hereby, affirmed.