GUFFEY PETROLEUM COMPANY *v.* VICKSBURG WATERWORKS COMPANY.

[42 South. Rep., 284.]

SALES. *Contract. Breach. Demand.*

> In the absence of a demand for delivery, damages are not recoverable for breach of contract to deliver fuel oil, in such quantities as should be required by the consumer, at a stipulated price.

FROM the circuit court of Warren county.

HON. JOHN N. BUSH, Judge.

The Vicksburg Waterworks Company, the appellee, was plaintiff in the court below; the Guffey Petroleum Company, the appellant, was defendant there. From a judgment in plaintiff's favor the defendant appealed to the supreme court.

Under the terms of a contract between the parties, appellant was to deliver to appellee fuel oil for a year, as needed, at a designated price, and was to erect on appellee's land a storage tank of suitable capacity "to insure an ample and regular supply of oil in all cases." The court below sustained a demurrer to the declaration, and dismissed the suit; but on a former appeal to the supreme court, that judgment was reversed. See *Vicksburg Waterworks Company* v. *Guffey Petroleum Company,* 86 Miss., 60 (s.c., 38 South. Rep., 302). When the case was remanded to the court below appellant filed appropriate pleas and made defense on the facts of the case. On trial it appeared that no demand was ever made for the oil, and that appellee's furnaces were constructed only for coal consumption and had never been changed so as to burn oil. It further appeared, however, that appellant did not complete the storage tank until within two weeks of the end of the contract period, although given necessary land for that purpose. The court refused to instruct the jury to find for the appellant, and refused to

instruct that there was no duty on appellant, during the life of the contract, to see whether plaintiff was in need of oil; but, instead, granted a peremptory instruction to the jury to find for the appellee, waterworks company, as regards liability. The verdict was for $1,500.

*Dabney & McCabe,* and *D. Edward Greer,* for appellant.

The circuit court seems entirely to have misconceived the effect or meaning of the contract sued on, for it held that the failure of the appellant, the defendant below, to deliver oil to the appellee, made the appellant liable for breach of contract, notwithstanding appellee did not desire oil, did not ask for it, and was not even prepared to use it. Irrespective of points of law, the facts, undisputed, cannot support the judgment rendered. For appellee's whole case rested on the testimony of its manager, and he admitted that he had never asked appellant for oil. The superintendent of the appellant company testified that oil would have been delivered had appellee at any time desired it, and it was in evidence that there was always in appellant's possession an ample supply of oil to have supplied all demands of appellee.

The contract stipulated that appellee was to receive the oil "as needed." Evidently the lower court considered that while the obligations of the contract were mutual and dependent, it was incumbent on appellant to deliver oil to appellee, even in absence of any request for it, and of preparation by appellee for its use as fuel. In short, appellant was to be expected, under the court's views, to deliver oil even when not needed. Argument is not essential to show the fallacy of such construction. The peremptory instruction, instead of being in favor of appellee, should have been for appellant. The evidence showed appellant not to be in default. There could be no need for fuel oil if it could not be burnt. Oil burning apparatus had not, during the life of the contract, been installed by appellee. Although the contract stipulated that appellant was to supply

oil as needed, yet appellant certainly had a right to wait until the appellee made known a desire to use oil. Appellee was using coal furnaces, and many and expensive alterations were absolutely necessary before it could use or "need" oil for fuel; and, under the contract, oil was to be delivered only as "needed." Liability did not arise against appellant under the undisputed facts.

In support of the above proposition that the covenants in the contract were mutual and dependent, and, further, that it was necessary for the waterworks company to demand oil before any liability could arise, we refer to *Clyce* v. *Broyles,* 37 Miss., 524; *Robinson* v. *Harbour,* 42 Miss., 800; *Kimbrough* v. *Curtis,* 50 Miss., 120; *Wangle* v. *Swift,* 90 N. Y., 38; *Street* v. *Andrews,* 2d Blackfoot (Ind.), 276; 9 Am. & Eng. Ency. Law (2d ed.), 200.

*Hudson & Fox,* for appellee.

The point relied on most strongly by appellant is, that no demand for oil was made upon appellant, although it is indisputably shown that appellant was obligated under the contract to erect a storage tank for oil, which it, however, only built in part. The contract states that such tank was to be built "to insure ample and regular supply of oil in all cases." Now, as the appellant never completed the tank, in compliance with the contract, so that oil might be drawn therefrom, until within a few days before date ending the contract, appellant was never in position "to insure ample and regular supply of oil in all cases." The waterworks company is a *quasi*.public corporation, furnishing water for the supply of the inhabitants of a city, and for fire protection therein; and in the absence of certainty of a supply of oil for fuel purposes could not be expected to change its furnaces so as to burn oil, nor run any risk of the oil supply failing at any time. Coal can be dumped upon the ground, but for oil a tank is a necessity. Accordingly, when appellant urges that the case for appellee rests, according to the

appellants urge that the case for appellee rests, according to the holding of the lower court, not on the failure of appellant to furnish appellee oil, but on appellant's failure to build a tank, we say in reply that an obligation rested upon appellant to build such tank, and no obligation of any kind was upon appellee until this tank should be finished. If appellee had a right, as we think it did, to insist upon having an ample supply of oil insured by the erection of a tank, it was under no obligation to make demand for oil upon appellant until the tank should be completed and appellee thereby assured of an ample supply of oil. The building of the tank was a condition precedent to any obligation upon appellee to receive oil. Accordingly, as appellee's claim for damage was based upon the failure of appellant to furnish the oil, and it failed to comply with the contract, and the amount of damage is readily apparent from the evidence, the decision of the court below should not be disturbed.

Argued orally by *D. E. Greer* and *M. Dabney,* for appellant, and *Carl Fox,* for appellee.

WHITFIELD, C. J., delivered the opinion of the court.

It is unnecessary to say anything in this case beyond this: That the evidence shows clearly that appellee never made any demand upon the appellant to have any oil whatever supplied for its use. When the case was here before, a declaration prepared with unusual care was very unwisely demurred to, and an appeal taken from the judgment sustaining the demurrer. When the case got back, it was tried, as it ought to have been tried in the first instance, on the merits, so as to have saved the costs and delay caused by two appeals and two trials; and it clearly appeared, as stated, on this trial, that the appellee never made any demand for the oil whatever. The appellant could not know when oil was needed, or in what quantities, except as informed by the appellee.

*This is vital to the right of recovery, and the judgment is reversed, and the suit dismissed.*