(54 South. 939.)

No. 18,552.

In re PERRAULT'S ESTATE.

(March 27, 1911.)

*(Syllabus by Editorial Staff.)*

TAXATION (§ 421*)— ASSESSMENT — DESCRIPTION—VALIDITY.

Certain land was assessed for taxes under a description, "Heirs of C. L. and J. L. Williams, 960 acres, swamp land in T. 6, R. 5 E., parish of St. Landry." *Held* that, it being shown that the tax debtors owned no other land in such township, the description sufficiently identified the land.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 720–735; Dec. Dig. § 421.*]

Appeal from Sixteenth Judicial District Court, Parish of St. Landry; B. H. Pavy, Judge.

Rule by the executrix of the succession of William C. Perrault on the St. Landry Realty Company, Limited, to show cause why defendant should not accept title to a specified tract of land. From a decree in favor of the executrix, defendant appeals. Affirmed.

Borah & Himel, for appellant. William J. Sandoz, for appellee.

PROVOSTY, J. The present suit is a rule taken by the executrix of the succession of Perrault on the defendant in rule, the St. Landry Realty Company, Limited, to show cause why this company should not accept title to a tract of land of 1,186 acres, adjudicated to it at the sale of the property of said succession. One of the links in the chain of the title to 960 acres of the land is a tax sale, and defendant's refusal to accept the title is because of its fear that the tax sale was invalid by reason of the insufficiency of the description of the land in the assessment upon which the sale was based.

The description was as follows:

"Heirs of C. L. and J. L. Williams, 960 acres, swamp land, in T. 6, R. 5 E., parish of St. Landry."

This description, mentioning, as it does, only the township, would not have identified the land, and the tax sale would therefore have been null, if the tax debtors had had any other land in that township; but this 960-acre tract was all they had, hence this description, imperfect as it was, identified their land, since it applied to it and to none other, and was therefore sufficient. Weber's Heirs v. Martinez, 125 La. 663, 51 South.

679, and cases there cited. The evidence shows that the purchaser at the tax sale had no difficulty in identifying the land, and that he and his successors in title have been in actual possession since the tax sale.

Judgment affirmed.