(60 South. 76.)

No. 19,517.

VANNETTA et al. v. BUSBEY et al.

In re BUSBEY et al.

(Nov. 18, 1912. Rehearing Denied Dec. 16, 1912.)

*(Syllabus by the Court.)*

TAXATION (§ 734*) — TAX SALES — DESCRIPTION—IDENTITY OF PROPERTY.

A person owning an undivided half interest in 10 acres of land in N. W. ¼ of S. W. ¼ of N. W. ¼ of section 5, township 17, range 13, and owning no other property in said section, township, and range, and there being assessed to him and sold for taxes an undivided half interest in 10 acres of land in N. W. ¼ of S. W. ¼ of section 5, township 17, range 13, and the purchaser having taken possession of the only undivided half interest in 10 acres of land owned by the tax debtor in said section, and having remained in possession for many years and until disturbed by the former owner or those claiming under him by inheritance, asserting, not that the tax purchaser had bought one property and taken possession of another, but that he had bought nothing, because the description under which the adjudication to him was made was imperfect and insufficient to identify any property. *Held*, that the description under which the tax sale was made was sufficient to identify the property owned by the tax debtor, and that the tax purchaser acquired a good title thereto.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 1470–1473; Dec. Dig. § 734.*]

Action by S. A. Vannetta and others against Mrs. M. P. Busbey and others. Judgment for plaintiffs was affirmed by the court of appeals for certiorari or writ of review. Reversed, and judgment rendered for defendants.

Alexander & Wilkinson, of Shreveport, for relators. Herndon & Herndon, of Shreveport, for respondents.

MONROE, J. Plaintiffs brought suit claiming ownership by inheritance from the former owner and tax debtor of an undivided half interest in 10 acres of land in the N. W. ¼ of S. W. ¼ of N. W. ¼ of section 5, township 17, range 13, in the parish of Caddo, alleging that defendants are asserting title to said interest by virtue of a sale made July 23, 1892, for state and parish taxes of 1891, at which the property sold was described as "one-half interest in 10 acres of land in the N. W. ¼ of S. W. ¼ of section 5, township 17, range 13," that said description was insufficient to indentify the land, and that the sale was therefore void and of no effect as to their property, and they prayed that it be so decreed. Defendants set up the sufficiency of the description, averred that through the original tax purchaser, Joseph L. Busbey (under whom they claim), and themselves they have been in actual possession of the property since the date of the sale, and pleaded the prescription of 3, 5, and 10 years.

The district court gave judgment for plaintiffs, holding the description to be insufficient to identify the property, and that judgment was affirmed by the court of appeals. It will be seen that the 10 acres in which the disputed half interest is to be found lies in section 5, township 17, range 13, but that, whereas it is situated in the N. W. ¼ of S. W. ¼ of N. W. ¼, it was described, for the purposes of the assessment, as being situated in the N. W. ¼ of S. W. ¼ of that section. It is, however, admitted that the tax debtor owned no other property in section 5, township 17, range 13, than the undivided half interest in the one 10-acre lot, and it is beyond dispute that there was assessed to him one undivided half interest in a 10-acre lot in that section, township, and range, which interest was sold for taxes in 1892, and of which the tax purchaser and those holding under him took possession at the time, and

have had possession ever since. Of course, if there had been no error in the description, there would have been no such suit as this. But the suit is not well brought unless the error was of such character that the property intended to be sold could not thereby be identified, and we do not find that to have been the case. Let us suppose, for instance, that the owner had said to a purchaser, "I own an undivided half interest in a 10-acre lot in section 5; I do not know whether in the N. W. ¼ of S. W. ¼ of N. W. ¼ or in the adjoining 'forty'—the N. W. ¼ of S. W. ¼"—and, being uncertain, that he had described the property merely as "an undivided half interest in a 10-acre lot in section 5," could any court hold that there was no sale if the purchaser were to show that the vendor owned an undivided half interest in but one 10-acre lot in section 5, and that he had taken possession of that interest and had been undisturbed for 18 years, and was then disturbed only by his vendor, asserting, not that he had taken possession of one property when he had bought another, but that the property which he had bought, which he had identified, and of which he had thus taken and held possession, with no one complaining, had been sold by a description insufficient to identify it? We think not. And the same answer is to be given in the case as presented. The tax debtor owned an undivided half interest in but one 10-acre lot in section 5; he owed the taxes on it and failed to pay them; the state assessed the interest by a description which located the lot in one 40-acre tract, when, in fact, it is situated in the adjoining 40-acre tract; and the sale for taxes was made according to that description. The tax purchaser had, however, no difficulty in identifying the property because in the one case, as in the other, there was no choice; the property of which he took possession belonged to the debtor and was the only undivided half interest in a 10-acre lot, and only interest of any kind in the entire section, that did belong to him.

The case, we think, falls within the rulings of In re Lockhart, 109 La. 747, 33 South. 753; N. O. Land Co. v. Nat. Realty Co., 121 La. 200, 46 South. 208; Gouaux v. Beaullieu, 123 La. 684, 49 South. 285; Weber v. Martinez, 125 La. 663, 51 South. 679; In re Perrault's Estate, 128 La. 453, 54 South. 939.

It is therefore ordered, adjudged, and decreed that the judgments of the court of appeals of the district court here complained of be avoided and reversed, and that there now be judgment for defendants (applicants herein) rejecting plaintiffs' demand and dismissing their suit, with costs in all courts.