———o———

No. 5882.

## EDWARD H. PURCELL vs. GUSTAVE SEEGER.

### Syllabus.

One who pays taxes upon an assessment in his name, pays taxes upon his own property, even though defectively described; and his property cannot then be sold for taxes assessed in the name of some other person.

Appeal from the Civil District Court for the Parish of Orleans, Division "E," No. 87,923, Hon. G. H. Theard, Judge.

John Watt, for plaintiff and appellant.

F. E. Rainold, I Gross, Geo. Sladovich, attorneys .

Foster, Milling, Brian & Saal, for defendant and appellee.

His Honor, JOHN ST. PAUL, rendered the opinion and decree of the Court, as follows:

Plaintiff seeks to confirm a tax title to property sold for the taxes of 1882 as the property of Peter Beuhler and John Michel; and to have it declared that said property is the same as that claimed by defendant through mesne conveyances from one Dr. Eugene Rabasse.

The facts are these: In 1882 Beuhler and Michel owned a tract of land on Gentilly Road measuring one arpent front by 20 in depth, and Dr. Rabasse owned another tract having like dimensions but situated on the opposite side of the road and about a mile further off.

Through some error on the part of the assessors the property of Dr. Rabasse was assessed to Beuhler and Michel, and the property of Beuhler and Michel was assessed to Dr. Rabasse or, to use more exact language, the description given in the assessment rolls to the tract which was assessed as belonging to Beuhler and Michel fitted more aptly the tract belonging to Dr. Rabasse than the tract which actually belonged to Beuhler and Michel; and **vice versa.**

But this can be discovered only by analyzing the assessment rolls and examining the titles to adjoining tracts; it would not appear from a mere inspection of the Rabasse and the Beuhler and Michel assessments singly, or of tax bills and tax researches based thereon.

Accordingly when Dr. Rabasse paid regularly, and from year to year, the taxes assessed to him, he had no reason to believe that he was paying taxes upon any property but his own; nor had the various purchasers who acted on the faith of tax researches showing that the taxes assessed to Dr. Rabasse had all been paid.

For the law requires that property be assessed in the name of the owner if it be known.

On the other hand Beuhler and Michel paid no taxes, and the property assessed to them was sold for delinquent taxes under a description which can (by the above men-

tioned process of analysis and examination) be shown to fit more aptly the tract which formerly belonged to Dr. Rabasse and now belongs to defendant, than that which actually belonged to Beuhler and Michel. Hence the present controversy.

. But it is clear that an assessment sufficient to form the basis of a valid tax sale ought in all to suffice as an assessment on which to pay the taxes.

If it can be said that by **failing to pay** the taxes under a certain assessment made in his name, a person has failed to pay the taxes due on a certain piece of property belonging to him, it is quite certain that by **paying** the taxes so assessed, he has paid the taxes due upon the identical property and no other.

And it has repeatedly been held that a sale of property for taxes assessed **in the name of the owner** was sufficient to convey a valid title thereto, notwithstanding a defective description, if the property could be identified from the public record of titles.

See **Soutra vs. Arnheim, 1 Court of Appeal, pp. 99-102;** also **Vanetta vs. Bushbey, 132 La., ..,** and authorities there cited, viz: **128 La., 453; 125 La., 663; 123 La., 684; 121 La., 200; 109 La., 747.**

Now the property of Dr. Rabasse on Gentilly Road could easily have been identified by referring to his title of record. Accordingly, had he failed to pay upon the assessment **as actually made in his name** there can be little doubt that he would have stood in danger of losing his property by tax sale.

We, therefore, think that a payment of taxes under the assessment as actually made in his name was a valid payment of the taxes due upon the property belonging to him.

Judgment affirmed.

. New Orleans, La., June 23rd, 1913. .

Rehearing granted, July 21st, 1913.