No. 5960.

# EDWARD H. PURCELL vs. ARMSTRONG DONALDSON.

## Syllabus.

1. A description in a tax deed reading "Square 57 in the Third District of New Orleans, at Milneburg," mentioning neither measurements nor boundaries, and referring to no plan, does not physically describe any particular property; and the fact that it is "assessed to Debergue" does not assist to indentify it as the property of "Robinson."

2. A defective description in a tax deed may be snpplemented by reference to the title of *the person assessed;* but such defective description cannot be supplemented and amplified by reference to the title of *a third person,* with a view to identify the property sold with the property of such third person.

Appeal from the Civil District Court for the Parish of Orleans, Division "D," No. 87,922. Hon. Porter Parker, Judge.

John Watt, for plaintiff and appellant.

Carroll, Henderson & Carroll, and R. Meunier, for defendant and appellee.

His Honor JOHN ST. PAUL, rendered the opinion and decree of the Court, as follows:

Plaintiff seeks to confirm a tax sale in which the property is described as "Square 57 in the Third District of New Orleans, assessed to Widow Jos. H. Debergue." The assessment roll adds, that the property is situated "at Milneburg," but mentions neither measurements nor boundaries, and refers to no plan.

A description reading "Square 57 in the Third District of New Orleans, at Milneburg," mentioning neither meas-

—80—

urements nor boundaries and referring to no plan, does not physically describe any particular property; and the fact that it is "Assessed to Widow Jos. H. Debergue," does not assist to identify it as the property of "Hugh Robinson," under whom defendant claims.

Weber vs. Martinez, 125 La., 663, and Vanetta vs. Busby, 131 La., 681, relied on by plaintiff, mark the limit to which the Courts have yet gone in the matter of supplementing defective descriptions in tax deeds. But in those cases the description was supplemented by reference only to the titles of the persons assessed. There is, however, no case on record, as far as we know, in which the tax purchaser has been permitted to supplement a defective description by searching for some point of similarity between the description in the assessment and that contained in the title of a third person, with a view to amplify the description in the tax deed, and thus identify the property assessed and sold with the property of such third person, and we hold that this cannot be done.

Russell vs. Railway Realty Co., 132 La., 379, also relied on by plaintiff, is not in point. The question in that case was not the sufficiency of the description in the tax deed, but the effect as to third persons, of a judgment confirming a tax title, rendered contradictorily with the true owners of the property (and to whom the property had been assessed).

Newman vs. Gleason, 132 La., 561, also ruled upon, decides no issue pertinent to the case at bar. The question there, was whether "20 lots" in the designated square assessed to one Patton were capable of identification. The court found as a fact that the whole square had been assessed upon the basis of its subdivison into 24 lots; that 4 of these lots were assessed to other parties, as follows: 2 to Wiltz, 1 to Jourdan, and 1 to Mathiew. From

which it followed that the assessment to Patton "necessarily included the balance of the square." (P. 568).

But this is quite dffferent from claiming that "20 lots assessed to Patton" are the same 20 lots described in the title of somebody else, merely because "20 lots" in the same square figure in both descriptions.

In the case before us, as we have said, "Square 57 at Milneburg, assessed to Debergue," mentioning neither measurements nor boundaries, and referring to no plan, identifies no particular property, when taken by itself. But it being shown that **Robinson's title** covers a certain square at Milneburg **numbered 57 on a certain plan,** we are asked to conclude that the latter property and no other was the property intended to be assessed and sold.

This is a **non sequitur** since there is no more valid reason for believing, with assessment so vague and defective, that the error lay in assessing the property of Robinson to Debergue, rather than in assessing property actually belonging, or supposed to belong, to Debergue, by an erroneous description, or by its number according to some other plan.

Plaintiff may have a valid tax deed to some property which belonged to **Debergue** but he has none to any property which belonged to **Robinson.**

The judgment below was one of **non suit,** and defendant asks that it be amended so as to reject the demand absolutely and recognize him as the owner of the property in controversy. He is entitled to that amendment.

It is therefore ordered that the judgment appealed from be so amended as to reject the demand of the plaintiff absolutely and recognize defendant as the own-

er of the property in controversy; and as so amended it is affirmed at plaintiff's cost in both courts.

Judgment amended and affirmed.

Opinion and decree, Feb. 2, 1914.

Rehearing refused Feb. 9, 1914.

Writ denied March 16, 1914.

Godchaux, J., concurs in the decree.

Claiborne, J., takes no part.