On the'Merits.
Plaintiffs, who are the widow and heirs of Yictorin Landry, bring this petitory action to recover the S. E. % of section 61, of township 9 S., range 10 E., lying in the parish of Iberville, and containing 160 acres, more or less; and also to recover damages for the removal of timber from the land so described. Defendant sets up a tax title, of date June 27, 1896, recorded July 9, 1896; pleads the prescriptions of ten, three, and one years, and estoppel by conduct.
The evidence shows that the land in controversy is swamp; that it was acquired by Victorin Landry before his marriage, which took place in 1856; that he died some 33 years prior to the date of the trial; that plaintiffs had heard that he owned a tract of land somewhere, but did not know its location, and never paid taxes on it; that it was variously assessed, from 1890 to 1900, to “Landry, Vict., Est.,” “Landry, Victorin, Est.,” “Landry Victoria,” “Landry, Vict.”; that it was assessed for the taxes of 1895 to “Landry, Vict.,” and was correctly described as “S. E. %, Sec. 61, T. 9, R. 10 E.”; that it was advertised, in 1896, for the taxes of 1895, as “169 acres, S. E. %, Sec. 61, T. 8, R. 10 E., * * * assessed in the name of Victoran Landry,” and on June 27, 1896, was adjudicated by the sheriff and ex officio tax collector to the defendant; that in 1902 defendant had the S. E. % of section 61, town 9, range 10 E., surveyed as the tract which had been sold to him, and in 1905 placed a man on it who, from that time, during every year up to the institution of this suit, cut timber thereon, under an arrangement with defendant, who made him advances and shared with him the proceeds of the sale of the timber. It further appears that Victorin Landry owned no other land in the parish than the quarter section in question; it is not suggested that his children or grandchildren, plaintiffs herein, owned any other; and it is conceded that his widow, plaintiff herein, has no interest in said quarter section, which had been acquired by her husband before their marriage.
If, in an attempted description of a tract of land, for the purposes of assessment or any other purpose, there is an error in the name, or in the spelling of the name, of the owner, or registered owner, or in the measurement, by so much as the fraction of an inch, or of a square foot, or in the location, by the misplacing of a single side line, the attempt fails, and the land cannot be positively identified by the description, since, no matter how slight the differences, the thing itself and the thing described are not the same, and absolute sameness is of the essence of identity. The lawmaker has therefore declared that:
“For the purpose of taxation and tax sales it shall be sufficient to assess and describe all property according to such a description as will reasonably identify the property assessed; such as [giving various illustrations] or, by such other further description as may furnish the means of reasonable identification. * * * That for the purposes of taxation and tax sales it shall be sufficient to. assess and advertise all property in the name' of the person or persons, whether dead or alive, who, at the time the assessment was made, appeared to be the owners thereof. * * * That no assessment or tax sale, shall be set aside or annulled for any error in description or measurement of the property assessed in the name of the owner, provided the property assessed or sold can be reasonably identified. * * * That the tax sale shall convey, and the purchaser shall take the entirety of the property, neither more nor less, intended to be assessed and sold and such as it was owned by the delinquent taxpayer, regardless of any error in the dimensions or description of the property assessed and sold and the tax collector * * * may give the full description according to original titles.” Act No. 140 of 1890.
*660 “No sale of property for taxes shall be set aside for any cause, except on proof of dual assessment, or of payment of the taxes for which the property was sold prior to the date of the sale, unless the proceeding to annul is instituted * * * within three years from the adoption of this Constitution, as to sales already made. * * • ” Constitution 1898, art. 233.
Construing the Act of 1890, it has been said by this court, in Geddes v. Cunningham, 104 La. 311, 29 South. 140:
“ * * * There is a difference between the absolutely certain identification which results from giving the christened and surnames of the present owner, with the correct spelling, and the number of the lot, as stated in the title by which he acquired, with the exact measurement of the property, and a reasonably certain identification, which may be none the less satisfactory, though deficient with respect to one or more, or all, of the elements mentioned.”
Construing the provision of the Constitution above quoted, it has been held:
“ * * * That it is immaterial (for the purposes of the prescription established by the provision) whether an assessment has been made in the name of one person or another, or in no name, or whether the owner, not in possession, has been notified of the intention to sell or has not been notified, or whether the sale has been advertised or has not been advertised.” Weber’s Heirs v. Martinez, 125 La. 666, 667 [51 South. 679], citing Canter v. Williams, 107 La. 77, 31 South. 627; Crillen v. N. O. Terminal Co., 117 La. 349, 41 South. 645; Little River Lumber Co. v. Thompson, 118 La. 284, 42 South. 938. See, also, Terry v. Heisen, 115 La. 1080, 40 South. 461.
It nevertheless remains that, in order to assess, and to sell, and to buy, a tract of land, the minds of the assessor and of the tax collector and tax purchaser must be brought to the" consideration of that particular tract by a description which, to paraphrase the language of the statute, will reasonably distinguish it from other tracts and make it reasonably certain that it is the tract intended to be assessed, sold, and purchased. In other words, it must be made reasonably certain that, in taking the action indicated, the minds of the parties mentioned were not fixed upon the wrong tract.
If, therefore, in the instant ease, the land had been assessed in the name of no owner, and merely by the description S. E of section 61, town 9, range 10 E., while a sale according to that description would have been good, a sale of S. E. % of section 61, T. 8, R. 10 B., would not have conveyed title to the tract assessed, since it would have been impossible to have connected the property sold with the assessment, and there can be no tax sale without an assessment. As a matter of fact, however, the S. E. % of section 61, town 9, range 10 E., was assessed for the taxes of 1895 to “Landry, Vict.,” or Vict. Landry (the surnames being placed first on the rolls for general convenience) ; and it is admitted that:
“The only property advertised in the issues of the Iberville South, the official journal of the parish of Iberville, of May 23, May 30, June 6, June 13, June 20, and June 27, 1896, in the name of the Est. Victorin Landry, was the following land: 169 acres; the S. E. %, sec. 61; T. 8, R. 10 E.,” etc.
Whilst, therefore, the description in the advertisement, which was reproduced in the sheriff’s deed, was defective, in that it ascribed a somewhat greater acreage to the tract than was called for by the original title from the state, or by the assessment, and located the tract in township 8, instead of township 9, it nevertheless announced that the intention was to sell a quarter section standing “in the name of the Est. Victorin Landry”; and the evidence shows that the only quarter section in the parish which was owned by that estate was that which had been assessed to the decedent himself (as “Landry, Vict.”), which is located in township 9, and the N. W. corner of which touches the S. E. corner of township 8. The case is therefore very much like that of Vannetta v. Bushey, 131 La. 683, 60 South. 76, where it was said:
“The tax debtor owned an undivided half interest in but one 10-acre lot in section 5; he *662 owed the taxes on it and failed to pay them; the state assessed the interest by a description which located the lot in one 40-acre tract, when, in fact, it is situated in the adjoining 40-acre tract; and the sale for taxes was made according to that description. The tax purchaser had, however, no difficulty in identifying the property because * * * there was no choice; the property of which he took possession belonged to the debtor, and was the only undivided half interest in a 10-acre lot, and the only interest of any kind in the entire section that did belong to him.”
In other cases it has been variously held by this court that:
“The validity of a mortgage will not Ibe affected by an error in the number of the ‘range’ in which the property covered by the mortgage is situated, if the property be otherwise described in the mortgage with such certainty as. to clearly identify it.” Thornhill v. Burthe, 29 La. Ann. 639.
“If a portion of the description would mislead, it must be read with and controlled by other parts which explain it; and an error in a description by legal subdivisions may be cured by other descriptive designations of the property in the conveyance which leave no doubt of the particular tract that was intended to be sold.” Bryan v. Wisner, 44 La. Ann. 832, 11 South. 290.
“Error in the range has time and again been held immaterial where, by other parts of the description, and even by competent proof aliunde, the land was identified.” Willis v. Cypress Co., 108 La. 258, 32 South. 386. See, also. New Orleans Land Co. v. National Realty Co., 121 La. 200, 46 South. 208; Gouaux v. Beaullieu, 123 La. 686, 49 South. 285; Weber’s Heirs v. Martinez, 125 La. 663, 51 South. 679; In re Perrault’s Estate, 128 La. 453, 54 South. 939.
Our conclusion is that the description, according to which the land in question was advertised and sold, was sufficient, within the language and meaning of the statute, “to furnish the means of reasonable identification,” and that defendant acquired a good title, which is protected from the present attack by the constitutional prescription of three years. There being no prayer for its amendment, the judgment (of nonsuit) appealed from is affirmed.
O’NIELL, J., takes no part.