---o---

No. 6840.

## J. P. MARTINEZ v. QUAKER REALTY CO., LTD.

### Syllabus.

A sale for taxes is unassailable after three years where the description is sufficient to identify the property and the tax debtor is not in physical possession.

Appeal from the Civil District Court, Parish of Orleans, No. 112,426, Division "B"; Honorable Fred. D. King, Judge. Affirmed.

Henry J. Rhodes, for plaintiff and appellant.

W. W. Wall, for defendant and appellee.

His Honor, JOHN ST. PAUL, rendered the opinion and decree of the Court, as follows:

This is a petitory action, but for plaintiff to recover we must annul a tax title under which defendant has held for more than three years.

·The ground of nullity set up is based on an alleged faulty description, defendant having bought the property (which formerly belonged to Ignaz Heck, under whom plaintiff claims) as lot 11 in square 1027 bounded by Genius, Celestine, Union and Bagatelle Streets, measuring 61 feet on Union Street by 127 feet in depth and front on Genius Street; that is to say, the lot was assessed and sold as forming the corner of Union and Genius Streets; whereas in point of fact it does not form the corner but fronts on Union Street and is 65 feet from the corner of Genius

162

Street aforesaid. In other respects the description is quite accurate.

It is shown that Ignaz Heck owned the property claimed by plaintiff and possessed by defendant, and it is not pretended that he owned any other property in the same square.

Under the well settled jurisprudence of this State a tax title is unassailable (especially after the lapse of three years) whenever the description suffices to identify the property, and the property can always be identified when the name of the owner is correctly given and he owns no other property in the same square or section. *Weber v. Martinez*, 125 *La.*, 663.

It is claimed however that the description herein assailed is not only faulty but even misleading as it actually describes and definitely locates other property not belonging to Heck, and hence cannot be said to identify Heck's property.

Whatever might be said were this an original proposition, we feel constrained to follow as a precedent the case of *Vanette v. Busby*, 131 *La.*, 682.

In that case the tax debtor owned a ten acre lot in a certain 40 acre tract in Section No. 5, which was described when sold for taxes, as being in a different though adjoining tract in the same section.

But the Court held the description sufficient notwithstanding the discrepancy as the tax debtor owned but one ten acre lot in the whole section and could not be misled as to what property was assessed.

We see no distinction in principle between that case, and the judgment appealed from must be affirmed.

Judgment affirmed.