(42 South. 246.)

No. 16,201.

In re MARTINEZ.

(Oct. 29, 1906.)

1. TAXATION — TAX DEED — DESCRIPTION OF PROPERTY.

Where, in the assessment and sale for taxes of a city lot, the number of the lot, of the square in which it is situated, and of the streets by which the latter is bounded are not the same as those which appear in the title of the tax debtor, the description may, nevertheless, serve to identify the property, if it can be shown that the original numbers and names have been changed, and that, by other plans than the one referred to in such title, the lot and square bear the numbers, and the streets, the names, as given in the assessment; and evidence, dehors the tax deed, is admissible to establish those facts.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 45, Taxation, §§ 729–730.]

2. SAME—POSSESSION OF PURCHASER.

Where the dimensions of the lot of which the tax purchaser is put in possession are less than those called for by the tax deed, and the lot is otherwise sufficiently described to identify it, the title is perfected to the extent of, but not beyond, the possession.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 45, Taxation, § 1519.]

3. SPECIFIC PERFORMANCE—WHEN DENIED.

An agreement to sell, "according to description contained in title," cannot be enforced where the measurement of the property tendered falls short of that called for by the title thus referred to.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 48, Vendor and Purchaser, § 325.]

(Syllabus by the Court.)

Appeal from Civil District Court, Parish of Orleans; Fred Durieve King, Judge.

Rule by J. P. Martinez to compel M. N. Lacroix to accept title. From a judgment dismissing the rule, Martinez appeals. Affirmed.

James Wilkinson and Henry John Rhodes, for appellant: George Montgomery, for appellee.

Statement of the Case.

MONROE, J. This matter is before the court on the appeal of J. P. Martinez from a judgment dismissing a rule taken by him to compel Miss. M. N. Lacroix to accept title to certain real estate in New Orleans.

It appears from the record that in 1886 plaintiff, Martinez, became the purchaser at a sale made under Act 82 of 1884 (for taxes of 1869 to 1879 assessed in the name of Widow J. Rivas) of property described in the tax deed as "a certain lot of ground, improvements thereon, in the Third district of the city of New Orleans, designated as lot No. 3, in square No. 505 bounded by St. Bernard, Antonia, Urquhart streets; said lot No. 3 measures 42 feet front on St. Bernard street by 128 feet in depth"; that in 1893 a writ was issued in the above-entitled proceeding directing the sheriff to put Martinez in possession of "a certain lot of ground and improvements thereon in the Third district of the city of New Orleans, designated as lot No. 3 in square No. 505, bounded by St. Bernard, Antonia, or Annette, Urquhart and Girod streets, said lot No. 3, measures 42 feet front on St. Bernard street by 128 feet in depth, and being more fully described in the act of sale annexed to and made part of this writ"; and that the writ was duly executed, contradictorily with the tax debtor, in September of that year; that thereafter (probably in December, 1905) Martinez entered into the following written agreement with Miss Lacroix for the sale of the property so acquired, to wit:

"Jose P. Martinez agrees to sell and Miss M. N. Lacroix binds herself to purchase, for the price of $3,200 cash, the property bearing the municipal numbers 1371 and 1373 St. Bernard avenue, described according to title. Property to be delivered free from encumbrances, including taxes of 1905; one-half the state tax for 1905 to be refunded to the vendor," etc.

And, Miss Lacroix having refused to accept the title, he proceeded, by rule (taken

in the original proceeding whereby he was put in possession), to compel her to do so. In this rule plaintiff alleges that he is owner, in possession, of the following described property, to wit:

"A certain lot, ground, and improvements thereon in the Third district of the city of New Orleans, described as lot No. 3, in square No. 505, bounded by St. Bernard, Antonia, Urquhart streets. Said lot measures 42 feet front on St. Bernard street by 128 feet in depth, and which said property is likewise described as follows: 'A certain lot of ground and improvements situated in the Third district in square bounded by St. Bernard, Girod (now Villere), Annette, and Urquhart streets, designated by the No. 45 on a plan of Joseph Pilie dated March 10, 1809, said lot forming part of lot No. 2 on a figurative plan deposited in the office of Joseph Cuvellier, notary public. Said lot measuring, according to said plan, in American measures, 35' 6" 4''' front on St. Bernard street, between Girod (Villere) and Urquhart street by 100 feet on either side."

Miss Lacroix's return is not in the record, but its place is supplied by an agreement of counsel to the effect:

"That the issue before this honorable court is restricted to the points, as to whether or not the description in the tax deed is sufficient to identify the property, and, if so, does the tax deed convey title to 128 feet deep."

Plaintiff testifies that he took possession of the property at the date of his purchase, in 1886, as measuring 35 feet, some inches and lines, front on St. Bernard avenue, by 128 feet in depth, and has been in possession since that time; that there was at the date of his purchase a dilapidated shanty on the lot, which he has replaced with a new building; and that he caused Mr. Pilie to make a survey in order to identify the property. It is admitted (subject to defendant's objection to all evidence contradicting or varying the title tendered) that:

"The assessments for which the property was sold are in the name of Widow J. Rivas, and that Joseph Rivas purchased on April 19, 1859, * * * property described as follows: 'A certain lot of ground in the Third district of this city, in square bounded by St. Bernard, Girod, Annette, and Urquhart streets, designated by the number 45 on a plan of Joseph Pilie, dated March 10, 1809, deposited in the office of J. M. Duncan, notary; said lot measuring, in American measures, 35 feet, 6 inches, and 4 lines front on St. Bernard street, between Girod and Urquhart streets, by 100 feet on either side.' "

Mr. Edgar Pilie, sworn as a witness for plaintiff in rule, states that he recognizes the plan of survey made by him in April, 1901 (a rough sketch of which is submitted on following page).

Mr. Pilie also gives the following, with other testimony, to wit:

"Q. Now, Mr. Pilie, it appears that this property has two different descriptions—the first description designates it as a certain lot of ground in the Third district, in square bounded by St. Bernard, Girod (now Villere), Annette and Urquhart streets; the other description designates it as bounded by St. Bernard, Anthony, and Urquhart streets. Do these two descriptions cover one and the same lot?

"A. Annette and Anthony are the same street. Therefore the other three boundaries agree with the same lot.

"Q. On this plan you have a 'square 45 now 505–506'? A. Yes, sir; square 45 is the original number of the square, according to the original made by Joseph Pilie in 1809. * * * Q. Now, will you describe that lot No. 3—state what you know about lot No. 3 there? A. Lot No. 3 is the same—the assessment number given to the lot which, originally, is lot No. 2. * * * Q. The two descriptions that I have here—to the property—is that one and the same property? A. That is the same property, but differently described."

Cross-examination: "* * * Q. Mr. Pilie, taking these two descriptions as they are found in the rule filed in this case, * * * would you be able to determine if they were one and the same property without making an expert examination? A. No, sir; I would have to make the researches, which I did. That is why I answered. On the face of the title I would not. Q. Mr. Pilie, will you look at and read the description of property in the tax deed, which I hand you, by the state of Louisiana to J. P. Martinez, of date September 15, 1886, and state whether, by a casual reading of that description, you could identify that property? A. As being the lot No. 2, no, sir; it is described as lot No. 3, and it gives different measurements from lot No. 2. Q. Is it not a fact that there are only three boundaries in there, and you could not even tell in what square it was? A. Except it gives the number, 505, bounded by St. Bernard, Anthony, and Urquhart. * * *"

Redirect: "Q. Is the 505 square the same as the 45? A. Yes, sir."

SKETCH OF PILIE'S PLAT OF SURVEY

ANNETTE STREET

SQ. 45, NOW 505-506

VILLERÉ STREET

URQUHART STREET

ST. BERNARD AVENUE

Opinion.

It appears from the foregoing evidence that the property, as originally acquired by J. Rivas, was part of lot No. 2, in square 45, bounded by St. Bernard, Girod, Annette, and Urquhart streets, measuring 35' 6" 4'" on St. Bernard street, by 100 feet in depth on either side (though the side lines are not parallel; the rear of the lot being narrower than the front); that the square was subsequently given the number 505 and the lot, the number 3, according to other plans; that the name of Girod street was changed to Villere and the name of St. Bernard street to St. Bernard avenue; and that Annette street was, or became, otherwise known as Anthony street.

It is evident that, when the names of streets are changed, the descriptions of property bounded by such streets must also change, or they cease to be accurate, and it is equally evident that such changes do not affect the identity of the property, and that, so far as the names of the streets are concerned, the fact of the change must, in the nature of things, be susceptible of proof dehors the deeds by which the property may be conveyed or otherwise affected. And the same conclusions are applicable to the numbers of city lots and squares; it being admissible, and sufficient, for purposes of identification, to show dehors any act of sale or mortgage that the lots and squares are known by the numbers therein given to them. The evidence, therefore, of Mr. Pilie, to the effect that the lot here in question, the square in which it is situated, and the streets by which that square is bounded acquired different numbers and names after the acquisition of the lot by Rivas, and that, by the use of such numbers and names the lot is now correctly described, and is, in fact, the identical lot acquired by Rivas, was admissible, and is sufficient for the purpose for which it was offered. Beyond this, it is shown (as appears from the statement of the case) that more than 10 years prior to the date of the agreement; for the enforcement of which this proceeding was instituted, plaintiff in rule had been put in possession as a purchaser at a tax sale, and contradictorily with the tax debtor, of a certain lot as the lot which had been assessed to the latter and purchased by the former, and, as it is not suggested that the lot of which he was then put in possession was not, in point of fact, the property of, and assessed to, the tax debtor, we are inclined to think that she must be regarded as having acquiesced in, and should not now be heard to question, its identity. Whilst, however, plaintiff in rule thus became the owner of the property of which he was put in possession, it cannot be said that he has acquired an indefeasible title (if title at all) to anything beyond that, and, so far as the depth of the lot in question is concerned, the extent of his possession is not established. It is true that he swears that the lot of which he is, and has been, in possession is 128 feet deep, but the plat of survey, which he himself has offered, shows the greatest possible depth to be, on the side nearer to Villere street, 125' 5" 2'", and on the side nearer to Urquhart street 113' 8" 2'", and the plat also shows that across the rear of the lot (that portion which appears to belong to a lot fronting on Villere street) the surveyor found what he calls a "fence encroachment," and it is left a matter of doubt whether plaintiff has ever had possession beyond the line so indicated, which line would seem to be, approximately, 100 feet back from St. Bernard avenue. Under his agreement with defendant, plaintiff was to deliver a lot having a depth of 128 feet, as called for by the tax title, and, as he tenders no such lot, he cannot enforce the agreement.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be affirmed, at the cost of the appellant.