
WILLIAM A. BELL, JUDGE:

June 5th, 1922.

BY: WILLIAM A. BELL, JUDGE:

The judgment in this case, from which defendant, Miss Margaret Ardill has appealed, perpetuates the injunction herein issued and recognizes the plaintiff, Puritan Land Company, Limited, to be in possession, by perfect ownership, of the following described property:

"Lots 9 and 10 of square 1209, situated in the Third District of this City, bounded by Frenchmen, N. Rocheblave, formerly Virtue, Elysian Fields, and North Tonti, formerly Force Streets. Lot No. 9 forms the corner of Frenchmen and Virtue Streets, and measures 60 feet front on Frenchmen Street, by 120 feet in depth; lot No. 10 measures 60 feet front on Frenchmen St., by 120 feet in depth, and adjoins lot No. 9, all of said measurements being French measure."

The judgment further decrees that plaintiff's demand for damages as well as defendant's reconventional demand 'or damages against plaintiff and his surety on the injunction bond, be all rejected and dismissed at defendant's costs.

These proceedings arise from an extended controversy between the aforesaid parties as to ownership in the above described property, and has culminated in plaintiff's application for a writ of injunction against defendant to enjoin her and others from exercising any rights of ownership or possession over said property, and from entering or trespassing thereon. There is further prayer for damages and for recognition and maintenance of plaintiff in perfect ownership of said property.

Miss Margaret Ardill is the only one of three parties made defendants herein, who appears, or answers plaintiff's demand. She pleads the general denial and further answering, avers that persons other than plaintiff have unlawfully trespassed upon her property for the purpose of taking possession thereof; denies that she has interfered with the

ownership or possession of the property described in plaintiff's petition, but that in fact, both plaintiff and its vendor, the Quaker Realty Company, have interfered with her ownership and possession in property owned by her and which she describes as follows:

"Lots 1, 2, 3, 4, measuring 128 feet front on Frenchmen Street, by 128 feet in depth, more or less, and front on Rocheblave Street, or Virtue Street, in Square No. 1209."

Defendant's answer sets forth the various acquisitions by which she claims title to the above described property, and further avers that the four lots of ground, which plaintiff bought through its various vendors from the State of Louisiana, are not the same lots that she, defendant, owns, and which she acquired from J. P. Martinez, who, in turn, acquired from the State Auditor, on October 10, 1899.

Defendant further avers that if the lots acquired by plaintiff are the same as the ones claimed by her, then the Auditor's deed to Martinez, in 1899 divested the State of Louisiana forever of the said property, so that the State could not have sold the said identical property on November 10, 1902, to plaintiff's authors in title, to wit, the Aztec Land Company.

The respective acts of trespass charged by the parties to this controversy, the one against the other, have been rightly disregarded by the trial court. The evidence before us shows that each of the litigants have resorted to such acts, however reprehensible, as a means of developing the sole issue or question in this case, to wit: Did the State of Louisiana, by two certain auditors' deeds, hereinafter referred to, dispose of the same property to two different vendees, through one of which the plaintiff, and through the other of which, the defendant, traces title?

The complicated record before us shows that the State Auditor sold to J. P. Martinez, on the 10th day of October, 1899, the following described property:

> "Four certain lots of ground and improvements thereon, in the Third District, Square No. 1209, bounded by Frenchmen, Virtue, Elysian Fields and Force Streets, said lots' measuring 128 feet on Frenchmen Street, by 120 deep, adjudicated to the State for taxes 1883, assessed in name of Emma Sanchez."

It further appears, that the State Auditor sold to Aztec Land Company, Ltd., on the 10th day of November, 1902, the following described property:

> "Certain lots of ground and improvements thereon, in the Third District of the City of New Orleans, in Square No. 1209, bounded by Frenchmen, Elysian Fields, Force and Virtue Streets; said lots measuring 128 feet front on Frenchmen Street, by 128 feet in depth, adjudicated to the State for taxes 1882, assessed in the name of John Jackson."

From the above descriptions of the properties conveyed by the two aforesaid auditors' deeds, it is apparent that neither deed definitely locates the said properties, except to declare that the total of the lots conveyed measures 128 feet on Frenchmen Street, in said square, without designating their locality in respect to other lots, corners or streets, in Square 1209, of the Third District. It is therefore necessary in order to definitely locate in Square 1209 each of the above conveyances by auditors' deeds, to ascertain, if possible, from the record before us, whether other recorded conveyances subsequent or prior to the Auditors' Deeds clearly identify the acquisitions by either Martinez or the Aztec Land Company, with the property now in litigation.

Plaintiff, through its author in title, the Quaker Realty Company, by proceedings No. 78075, Civil District Court, Parish of Orleans, and defendant, through her author in title, J. P. Martinez, by proceedings No. 76020, of the same court, obtained judgments confirmatory of their respective tax

titles on the same day, to wit, February 9th, 1906, under provisions of Act 101 of 1898.

We find that in the above proceedings, No. 78075, the judgment confirms title in favor of Quaker Realty Company to the following described property:

> "Lot No. 9 forming the corner of Frenchmen and Virtue Streets, measuring 60 feet front on Frenchmen Street, by 120 feet in depth, on Virtue Street; lot No. 10, measuring 60 feet front on Frenchmen Street, by 120 feet in depth, all in French measure."

We also find in these same confirmation proceedings, from deeds offered by the Quaker Realty Company, which deeds are re-offered in the proceeding now before us, that the auditor's deed to the Aztec Land Company contains only the indefinite description which is heretofore referred to, but, this auditor's deed relates to property involved in a tax sale for the taxes of the year 1882, due by John Jackson, whose acquisition was from Andrea Dimitry, under date of June 23, 1830, by act before Carlile Pollock, Notary Public. In this latter deed of Dimitry to Jackson, the property acquired by Jackson and sold to the State for taxes due by Jackson, is described as follows:

> "Two lots of ground situated in the New Suburb Marigny below this City designated as numbers Nine and Ten in Islet------Number Ninety-Six on an Original Plot made by the City Surveyor on the First Instant deposited in my current Register by act made at the request of the said Paul Pandely on the Eighteenth Instant the first fronting the CORNER of Francois and Vertu Street having Sixty Feet front on the former street by One Hundred and Twenty deep on the latter, the Second measuring Sixty Feet front on Francois Street by One Hundred and Twenty Feet Deep between Force and Vertu Streets."

The description just given of the above described property clearly establishes, beyond all doubt, that the property sold by the Auditor to the Aztec Land Company,

and by them to the Quaker Realty Company, and by it to the plaintiff, was, as far back as the year 1830, definitely located on the corner of Frenchmen and Virtue (now Rocheblave) Streets. The measurements of this property, by its frontage on Frenchmen Street, as well as its depth, between parallel lines, corresponds in every detail to the description of the property of which plaintiff claims it is owner, not only by virtue of the confirmation proceedings, but by possession through its author in title, back to the year 1830.

On the other hand, this court has not found it possible, by most careful research, to trace defendant's auditor's title, though same was subsequently confirmed in the proceedings No. 76020, of the Civil District Court, for the Parish of Orleans, so as to identify it with certainty as property situated on the corner of Frenchmen and Rocheblave Streets, in Square 1209. The confirmation proceeding just mentioned, brought in the name of John T. Martinez, does not contain in its judgment a title in favor of Martinez to any other extent than to state that the property is situated in Square 1209, and measures 128 feet front on Frenchmen Street. Such description by no means definitely places the Martinez property, subsequently acquired by defendant from Martinez, and his other transferee, to wit, Bruen, wife of Daubert. The three acts of sale passed before William Ardill, Notary Public, showing the acquisition just mentioned, failed to describe the property claimed by defendant herein as property located on the corner, or adjacent to the corner of Frenchmen and Rocheblave Streets. The title of the defendant, acquired directly and by mesne conveyance from Jos. P. Martinez, described the property as being lots 1 to 4, measuring each 31' 11" 5"' front on Frenchmen Street, by a depth between equal and parallel lines

of 127' 10" 5" ', on a plan drawn by Geo. de Armas, Surveyor, dated October 8, 1906.

The plan of de Armas does not appear in the record before us, and in fact, there are no documents of evidence which in any manner locate the defendant's property as being on the corner of Frenchmen and Virtue Streets, except the certificate of the Tax Collector, dated October 9, 1899, to the effect that all taxes have been paid up to October, 1899, and except another document, or application, by J. F. Martinez, addressed to the Auditor of Public Accounts, in Baton Rouge, for the purchase of property located on the corner of Frenchmen and Virtue Streets, in Square 1209, sold for unpaid state taxes of 1692.

The evidence shows that defendant offered various deeds to be produced and filed, but which, in fact, appear not to have been filed in this proceeding. Of course, their absence precludes us from the opportunity of identifying by original deeds, if such identification were possible, the property alleged to have been bought by Martinez, with that property now located on the corner of Frenchmen and Virtue (or Rocheblave) Streets.

We leave the record in this proceeding, after most careful and painstaking research, with the definite conclusion that the plaintiff's title is certain and unequivocal, and can be traced from plaintiff's possession through an uninterrupted chain of title back to the year 1830. Plaintiff's title, dated October 16, 1918, and that of John Jackson, dated June 23, 1830, clearly locates the property under discussion, at the corner of Francois and Verta, (or Rocheblave) Streets. It is true, as the record shows, that the tax title conveying property assessed and sold for taxes in the name of John Jackson, to the State of Louisiana, under date of March 2, 1885, shows that certain lots of ground in the Third District, in Square

1209, bounded by Frenchmen, Elysian Fields, Force and Virtue Streets, measures 128 feet front on Frenchmen Street, by 128 feet in depth, and that this is the sole description of the property acquired, and contains nothing in the description which would definitely locate the Jackson property as being on the corner of Frenchmen and Virtue Streets.

It is also true that this same indefinite description is found in the act of deposit of the sale of property by Aztec Land Company, Ltd., to Quaker Realty Company, Ltd., dated March 6th, 1905, and deposited with John G. Eust , Notary Public, Because of these facts of imperfect, or indefinite location, defendant argues that plaintiff could not, through confirmation proceedings, have these conventional sales corrected or altered so as to make definite what was indefinite, in the conveyances themselves. It is argued that as the State did not acquire in the tax sale of property assessed in the name of John Jackson, anything else than "128 feet front on Frenchmen Street, by 128 feet in depth" that she could not sell more than what she bought, nor sell it by a different description. However imperfect or indefinite the description complained of may have been, it is none the less a fact. made certain by record evidence, that the property acquired by the State through tax sales against the property of John Jackson, was the identical property which John Jackson acquired on June 23rd, 1830, from Andrea Dimitry, who definitely conveyed the two lots known as 9 and 10, situated on the corner of Francois and Vertu Streets, as shown in the copy of deed passed before Carlile Pollock, Notary Public.

Of course, it cannot be disputed that the State could not have conveyed, in 1902, to the Aztec Land Company, the same property previously conveyed by it, in 1899, to J. P. Martinez, plaintiff's author in title. The evidence does not show that such error in conveyance has ever occurred in regard

426

to the property in dispute, and the burden of proof to support such facts is entirely upon defendant, who has only alleged same in her answer as an alternative averment, and who has wholly failed in substantiating such contention by competent or admissible evidence.

Great reliance has been placed by defendant upon an exhibit offered by her and admitted at the trial of this cause, consisting of the state tax certificate dated October 12th, 1917, by which it is shown that the property bounded by "Frenchmen, Elysian Fields, Tonti and Rocheblave Streets, No. 128 by 120 Frenchmen, corner of Rocheblave, and consisting of four lots in Square 1209" has no outstanding taxes due thereon, and that all has been listed in the name of Emma Sanchez and J. P. Martinez, from 1885 to 1917. The said certificate bears the further inscription as follows: "Sold to J.P. Martinez, Act 80/1886, and 126/96, October 11/99, deed 1615."

There is also offered and admitted in evidence the assessment roll of the Parish of Orleans, for the year 1882, in which it appears that four lots of ground in Square 1209, Frenchmen, Elysian Fields, Force and Virtue Streets, measuring 128 by 120 was assessed in the name of Emma Sanchez, while that in the name of John Jackson, appearing on the same roll, is described as simply being located on Frenchmen Street and measuring 128 by 128.

It is argued that these two documents just cited conclusively prove that the property of Emma Sanchez, sold for taxes of 1885, was located on the corner of Frenchmen and Virtue Streets, and subsequently conveyed to Miss Ardill, could not have been sold for taxes in 1902, she having paid all taxes due thereon.

The evidence, as we appreciate it from the record before us, does not bear out defendant's contention, nor can it avail her as a means of challenging the validity of

427

plaintiff's title, which has, in our opinion, been completely established by the evidence in this case.

The evidence introduced by both parties to this proceeding, whereby each has attempted to prove acts of lawful and ostensible possession of the property in dispute, is not by any means conclusive or satisfactory. In fact, we are inclined, from the record before us, to the opinion that one or the other of these litigants should have long since resorted to the remedies accorded them under Act 38 of 1908, and for these reasons, we believe that disallowance by the Court, a qua, of any damages, for alleged trespass, is right and proper.

We are therefore satisfied, from the evidence in this case, that the State of Louisiana, by the two auditors' deeds heretofore referred to, did not dispose of the same property to two different vendees. The property passed by auditor's deed to the Aztec Land Company, and not that sold by auditor's deed to J.F. Martinez, is the property now belonging to the plaintiff in this case.

JUDGMENT AFFIRMED

AT DEFENDANT'S COST IN BOTH COURTS

June 5th, 1922.

No. 8235,

Court of Appeal for the Parish of Orleans.

- - - - -

PURITAN CO., LTD. vs. MARGARET ARDILL et-al.

- - - - -

On Application for Rehearing.

- - - - -

Charles F. Claiborne,
Judge.

Neither Auditor's deeds locates the "lots" sold to Martinez or to the Aztec Land Co. But the deed to Martinez conveyed the lots assessed to "Emma Sanchez", while the deed to the Aztec Land Co, transferred the lots assessed to "John Jackson".

Jackson acquired from Dimitry in 1830 two lots, the first fronting the corner of Français (Frenchmen) and Virtue Street, having 60 feet front on the former street, by 120 feet deep on the latter; the second measuring 60 feet front on Français Street by 120 feet deep, between Force and Virtue .

This description clearly locates the lots purchased by the plaintiff on the corner of Frenchmen and Virtue. Although the Auditor's deed to the plaintiff's author did not locate the property at any definite or particular part of the square, the correct location may be established with certainty by testimony or by deeds. In Re Martinez, 117 La., 719; Weber's Heirs vs. Martinez, 125 La., 663; 131 La., 681; 11 Ct. App., 80; 21 A., 578; 35 A., 453; 37 A., 304.

Nothing in defendant's* title, or that of her authors, locates her lots at the corner of Frenchmen and Virtue or elsewhere than on Frenchmen Street.

Neither the application of Martinez to the Auditor to purchase the Sanchez lots, nor the certificate of the tax collector as to the payment of taxes on same can add to defendant's title, or locate the lots actually purchased. The former cannot make evidence for himself, nor can the latter certify to anything except as to what is upon his books. It is true that the assessment rolls of 1882 locate the Emma Sanchez lots at the corner of Frenchmen and Virtue,

429

*the*          *lots*

and John Jackson somewhere on Frenchmen Street. But it was not in the power of the Assessor to confer or destroy titles by the order in which he chose to assess owners of property. By buying the property assessed to "John Jackson" the State acquired the lots which Jackson owned, and not those which Emma Sanchez claimed.

It is true that the Notary who prepared plaintiff's title locates the lots at the corner of Frenchmen and Elysian Fields Streets; but this is only a gross patent clerical mistake, as the two streets are parallel and can never meet to form a corner.

Although the Auditor's deed to defendant was mislaid a copy of its registration in the Conveyance Office, or other records, might have been produced. But the defendant did not buy on the assessment roll of 1882 but upon that of 1883, which, perhaps, were different.

Defendant's able and exhaustive brief has not convinced us that the judgment of the lower court and our own were erroneous.

August 15th., 1922.                    Rehearing refused.