(90 South. 402)

No. 23226.

## BOARD OF COM'RS OF FIFTH LOUISIANA LEVEE DIST. v. CONCORDIA LAND & TIMBER CO.

(Nov. 28, 1921. Rehearing Denied Jan. 2, 1922.)

*(Syllabus by Editorial Staff.)*

1. **Appeal and error ☞749—Answer to appeal filed before second fixing for argument held in time.**

Where the case on appeal had been fixed for argument, but on motion of defendant, with consent of plaintiff, had been continued and fixed for a later date, an answer to defendant's appeal filed by plaintiff more than three days before the second date fixed was in time.

2. **Taxation ☞796(2) — Defendant's reliance on tax deed held not to estop attack on plaintiff's tax deed.**

In a suit to establish title to land, the fact that defendant relied on a tax deed does not estop him from asserting the invalidity of plaintiff's tax title where the defects alleged to exist in plaintiff's title did not exist in defendant's.

3. **Taxation ☞421(6)—Description in assessment held not to include all of section; "all Sec. 1."**

In an assessment of land for taxes describing the land as 293 acres, "all Sec. 1," the quoted expression does not mean that the assessment covered all of section 1, but only that it was all in that section.

4. **Taxation ☞804—Deed for section on part of which taxes had been paid is void, and not protected by prescription.**

A tax deed conveying an entire section of land, on one-half of which the taxes had been paid by the owner, is null, and not protected by the prescription of three years, under Const. 1913, art. 233.

5. **Taxation ☞764(2)—Land of unknown owner in section held insufficient description.**

A description in a tax deed of the land as that of an unknown owner, 293 acres in a designated section, is insufficient where the taxes had been paid on one-half of the section, and the acreage stated did not include all the rest of the section, since the designation of the owner as unknown would not aid in locating the land.

6. **Taxation ☞804 — Tax sale with insufficient description not protected by three years' prescription.**

A tax sale of property under a description insufficient to enable one to locate the property reasonably is not protected by the prescription of three years, under Const. 1913, art. 233.

7. **Taxation ☞764(2)—Description in sale to defendant held sufficient.**

A description in a tax sale conveying land assessed to an unknown owner, "last known owner J. M., * * * the south half of" a designated section, is sufficient, and includes the west half of the southwest quarter claimed by defendant.

8. **Taxation ☞764(2)—Sale held not to embrace land on which tax had been paid.**

A description in a tax sale of the land sold as the south half of a certain section does not

embrace any land included in an assessment against a company of a designated acreage in the same section on which the company paid the taxes where the land owned by the company was in the north half of the section, since the name of the owner in that assessment sufficiently identifies the land.

Provosty, J., dissenting.

Appeal from Tenth Judicial District Court, Parish of Concordia; N. M. Calhoun, Judge.

Action by the Board of Commissioners of the Fifth Louisiana Levee District against the Concordia Land & Timber Company to establish title to real estate. Judgment for plaintiff for all but one tract and defendant appealed, and plaintiff filed answer praying that judgment be amended by awarding to it the additional tract. Affirmed.

Dale, Young & Dale, of Vidalia, and Merrick & Schwarz and William J. Guste, all of New Orleans, for appellant.

G. P. Bullis, of Vidalia, for appellee.

OVERTON, J. This is an action to establish title to real estate. In the district court various tracts of land were included in the suit. Judgment was rendered in favor of plaintiff for all tracts except the W. ½ of the S. W. ¼ of Sec. 1, T. 4 N., R. 7 E., which was decreed to be the property of defendant.

Defendant has appealed from the judgment, but, having abandoned hopes of reversing it in so far as the judgment is against it, now prays that it be affirmed. The plaintiff and appellee has filed an answer in this court, praying that the judgment be amended by decreeing it to be the owner of the tract of land awarded defendant. Defendant objects to this suggested amendment on the ground that the answer was not filed three days before the case was fixed for argument.

[1] The case was fixed in this court for January 13, 1921, but it was not heard on that day; for, on motion of defendant, with the consent of plaintiff, it was continued, and then refixed for October 31, 1921. Plaintiff's answer to the appeal was filed on April 16, 1921.

As that answer was filed more than three days before the day fixed for argument on the second fixing, and as the first fixing was set aside by consent of both parties, and especially at the instance of the appellant, the answer praying for the amendment was filed in time. Both parties having consented to the continuance, the effects of the first fixing were destroyed; and the situation became the same as if the case had not been fixed the first time, but only the second. Des Allemands Lumber Co., Ltd., v. Morgan City Timber Co., 117 La. 1, 41 South. 332.

Proceeding, therefore, to dispose of the amendment to the judgment prayed for by the appellee, by determining who is the owner of the W. ½ of the S. W. ¼ of Sec. 1, T. 4, R. 7, it appears that plaintiff claims the land under a tax sale made to the state in 1894 for the taxes of 1892 and 1893, and that defendant claims the same land under a tax sale made to Mason & Dale in 1902 for the taxes of 1898, 1899, 1900, and 1901.

Defendant avers that the land in controversy was owned by the Mississippi Delta Land Company in 1892 and 1893; that during those years it was assessed to that company; that for the year 1893 the entire section was assessed to it; that both assessments were paid prior to the date of the tax sale to the state, under which plaintiff claims, and hence that plaintiff's tax title is null and void.

Plaintiff filed a plea of estoppel, which is to the effect that defendant is estopped from urging the defects alleged by it against plaintiff's title, for the reason that defendant has alleged that its title is valid, whereas it contains the same alleged defects that it urges against plaintiff's; in other words, that defendant cannot be heard to allege defects in plaintiff's title, when it has judicially ad-

mitted that the same conditions do not constitute defects when considered in relation to its own.

[2] The plea of estoppel is not well founded. Defendant's answer does not indicate, nor suggest, any defect in its own title, nor does the evidence adduced show that it contains the defects which defendant avers that plaintiff's does.

The assessments for the years 1902 and 1903, constituting the basis of the tax sale to the state, under which sale plaintiff claims, reads, as appears from the agreed statement of facts in the record, as follows:

"Unknown Owner; T. 4 N., R. 7 E., 293.02 acres, all Sec. 1."

The tax collector, however, did not follow this description. He apparently thought that the expression, "all Sec. 1," as it appears in the above assessment, meant all *of* section 1, and not all *in* section 1; and, evidently taking advantage of section 4 of Act 140 of 1890, the revenue act then in force, which authorized him to give a full description of the property assessed, he made the description read, as it appears in the tax deed that he executed, as follows:

"Unknown Owner; T. 4, R. 7 E., containing 293 acres, described as follows: All section 1 in Concordia parish, La."

Thus expressed, the description means all of section 1, in T. 4, R. 7 E., containing 293 acres, situated in Concordia parish, La., the statement of the number of acres here being mere surplusage. This is the tax sale to which defendant has reference when it avers in its answer that plaintiff's title to the land in controversy rests on an alleged tax sale, made under the name of unknown owners, and recorded in Book U of Conveyances of Concordia Parish. It is against that sale that it pleads that, in the year 1892, the W. ½ of the S. W. ¼ of Sec. 1, T. 4 N., R. 7 E. was assessed to the Mississippi Delta Land

149 La.—34

Company, and that for the year 1893 the entire section was assessed to that company, and that for both of those years the taxes due on the assessments were paid by that company prior to the date on which the tax sale was made under which plaintiff claims.

The evidence does not show an assessment against any part of the section for the year 1892 in the name of the Mississippi Delta Land Company, but it is admitted that, for the year 1893, the company named was assessed with land in that section, and described as "T. 4 N., R. 7 E., 293.02 acres, all Sec. 1," and that, the taxes based on that assessment were paid prior to the tax sale above mentioned. The evidence also shows that the section contains 628.60 acres, 293.02 of which are in the north half and 335.58 in the south half of the section. It also shows that the Mississippi Delta Land Company, as appears from an admission to that effect, never owned the S. ½ of the section but was the owner of the north half in the years 1892 and 1893.

[3] The expression "all Sec. 1" in the assessment, now under consideration does not mean all of section 1. The wording of the sentence in which the expression occurs does not so indicate. Besides, as the Mississippi Delta Land Company owned no land in the south half of the section, but owned the north half, and as the number of acres in the half of the section owned by it correspond, even to the decimal, with the number of acres given in the assessment, the proper conclusion would seem to be that the assessment was against the north half of the section. In re Perrault's Estate, 128 La. 453, 54 South. 939.

[4] Therefore, if we adopt the theory that the tax collector in the tax deed which he executed intended to convey, and did convey, the entire section, and that he was justified in so doing, then there is presented a case in which the taxes, on one-half of the

section for one of the years for which the property was sold were paid under an assessment in the name of another. Such a tax sale is null, and is not protected by the prescription of three years, which plaintiff has pleaded, under article 233 of the Constitution of 1913. Harris v. Deblieux, 115 La. 147, 38 South. 946; Doullut v. Smith, 117 La. 506, 41 South. 913; Board of Commissioners v. Concordia Land & Timber Co., 141 La. 261, 74 South. 921.

[5] On the other hand, if the theory should be adopted that the tax collector conveyed only 293.02 acres of Sec. 1, T. 4 N., R. 7 E., belonging to Unknown Owner, thus following the description that the assessment seems to give—for such would appear to be the proper interpretation of an assessment, reading "T. 4 N., R. 7 E., 293.02 acres, all Sec. 1," where the section contains some 628 acres, for here the number of acres is controlling—then the sale would be null, because the property cannot be identified reasonably under such a description. The words "Unknown Owner" do not assist in the location of the property, as did the name "Mississippi Delta Land Company" in the assessment above considered, and which there enabled us to locate the property there assessed. The number of acres in the present assessment corresponds exactly with the number of acres in the north half of section 1. To place the land there, however, would be fatal to plaintiff's claim. There are too many acres in the south half to enable us to locate it there, for in that half there are 335.58 acres. For the same reason it cannot be located in the west half, and, if it could be, the location would then cause it to run afoul of defendant's plea of dual assessment and payment. As plaintiff's claim is to the southwest quarter of the southwest quarter of the section, there remains no other part of the section within which to locate the 293.02 acres.

[6] If, therefore, the tax collector conveyed 293 acres, by the sale, in section 1, instead of the entire section, then the sale is null for lack of a sufficient description. A tax sale of property, under a description, insufficient to enable one to locate the property reasonably, is not protected by the prescription of three years, pleaded under article 233 of the Constitution of 1913. Annhein v. Nylka Land Co., Ltd., 137 La. 570, 68 South. 957.

Therefore, considering plaintiff's title from any standpoint that the evidence justifies us in considering it, it is null.

[7] Defendant's title is based on a tax sale made to Mason & Dale in 1902, conveying, as assessed to "Unknown Owner, last known owner, John Minor, for the taxes of 1898, 1899, 1900, and 1901, the S. ½ of Sec. 1, T. 4 N., R. 7 E. This description is sufficient. It includes with certainty the W. ½ of S. W. ¼ claimed by defendant.

[8] Plaintiff in its plea of estoppel urges that, if its title is null because of dual assessment and payment of taxes, defendant's is null for the same reason. The evidence shows that for the years 1898 and 1901 there was assessed to the Mississippi Delta Land Company 293.02 acres, all Sec. 1, T. 4, R. 7 E. This assessment is substantially the same, except as to the years for which made, as that urged by defendant against plaintiff's tax sale, under the plea of payment. The name, Mississippi Delta Land Company, considered in connection with the records, enables us to locate the land here described in the north half of the section, as it did there, and for the same reasons.

The plea of prescription of three years urged by defendant was properly maintained.

Therefore, for the reasons assigned, the judgment appealed from is affirmed, at appellant's costs.

PROVOSTY, J., dissents.