No. 764

First Circuit

SCHULTZ ET AL. v. KELLAR ET AL.

(June 16, 1931. Opinion and Decree.)
(October 7, 1931. Rehearing Refused.)

See 10 La. App. 138, 120 So. 232.

Hiddleston Kenner, of Lacombe, attorney for plaintiffs, appellants.

Victor E. Planche, of Covington, attorney for defendants, appellees.

ELLIOTT, J. Mary Smallwood Schultz, Louisa Smallwood, and Augustine Smallwood Cherry claim as the heirs of Paul Smallwood and of Juliet Batiste, his wife, to be the owners of 80 acres of land situated in the parish of St. Tammany, in a petitory action against Henry Kellar, A. J. Planche, Sr., Madeline Planche Burns, Victor E. Planche, August J. Planche, Jr., and Felix A. Planche.

The land is described as the S. ½ of S E. ¼ Sec. 8, Tp.# 9 S., R. 13 E., in the district of lands subject to sale at New Orleans, La. The case has been previously before us on a question of nonjoinder of parties defendant, and was remanded, in order that further parties might be made. Upon the remand, the plaintiffs proceeded under an amended and supplemental petition making August J. Planche, Sr., Madeline Planche Burns, Victor E. Planche, August J. Planche, Jr., and Felix A. Planche, parties defendant, upon which these new parties called on the plaintiffs to elect whether they would, as to them, proceed as plaintiffs in a petitory action or under the provisions of Act 38 of 1908.

The lower court required plaintiffs to elect which they declined to do, and thereupon their suit was dismissed. This court set aside that dismissal, and the case was again returned to the lower court.

Upon this last return, the defendants interposed against plaintiffs' suit the prescription of one year, under section 5 of Act 80 of 1888.

That of three and ten years under Act 185 of 1904.

That of three years to validate tax titles.

That of ten years under good and valid title in good faith translative of ownership coupled with possession.

That of thirty years under good and valid title in good faith translative of ownership coupled with possession.

The minutes of the lower court concerning the present proceedings were not brought up, but the record indicates that these pleas of prescription were referred to the merits. The defendants then under reserve of their exceptions filed an answer. The case was tried on the merits

and submitted to the court for decision, when the court, taking up first the pleas of prescription, sustained them all except that of one year, as to which the court did not rule.

The prescriptive defenses acted on, again brought about the dismissal of plaintiffs' suit.

The plaintiffs have appealed. The defendants, without answering the appeal, urge that the judgment be affirmed.

Defendants in their answer, reiterating their pleas of prescription, allege ownership and actual possession under duly recorded titles which they deraign back through mesne and intervening conveyances to an adjudication made to the state for taxes assessed against Paul Smallwood during the year 1882.

The judgment appealed from being entirely based on defendants' pleas of prescription of three, ten, and thirty years, our review must be limited to the questions acted on by the lower court.

The plaintiffs are the children and sole heirs at law of Paul Smallwood and Juliet, his wife. Paul Smallwood homesteaded the land in question as an actual settler under the Acts of Congress, receiving a patent therefor dated December 1, 1876. The patent was obtained during the lifetime of plaintiffs' mother, but within a few years thereafter she departed this life.

Paul Smallwood lived on the land, fenced and cultivated a field, but the evidence indicates that at the time of his death, which took place about 1891, 1892, he had ceased to live on the land, but continued to live nearby. A possible reason on his part for leaving the land may have been the adjudication to the state and the sale by the

state to Julian Atlow, which had taken place previous to his death.

Mary Schultz, one of the plaintiffs, testifies on this subject:

"Q. Up to the time of his death where was his home?
"A. We took him to the city when he was sick and he died in the city.
"Q. Before he died?
"A. The old place but he was living at the brick yard close to his work."

This plaintiff living in New Orleans, came back to visit the old place; the evidence does not enable us to state exactly the time of her return, but it must have been about 1895. At that time she says the house, fences and improvements were gone and no one lived there.

Other testimony indicates that for fifteen or twenty years after Paul Smallwood died the place where his improvements and field had been grew up in bushes, and actual possession was not evidenced any more until about 1917, when defendants inclosed it as part of a pasture of several thousand acres.

In speaking of plaintiffs' suit against the defendants, we have called it a petitory action because the evidence shows that the plaintiffs are out of possession and have been for twenty-five or thirty years or more, and that the defendants are in actual possession under just title duly recorded, and have been since about 1917, when the property in question was by them inclosed in a pasture. It is shown that defendants deraign title back to an adjudication to the state of Louisiana made April 21, 1883, on account of state and parish taxes due by Paul Smallwood for the year 1882 for the property described as follows:

"160 acres of land and improvements east of Bayou Lacombe situated in the

Parish of St. Tammany, assessed in the name of Paul Smallwood."

The adjudication is evidenced by an authentic act in the form of a title dated July 5, 1883. The Act of Adjudication refers to Acts 77 of 1880 and 96 of 1882 as authority for the adjudication to the state.

Act 96 of 1882, sec. 52, directs the sheriff, in case no bid is made for the amount of taxes due, to bid in the property for the state.

The record shows a tax receipt offered in evidence by the plaintiffs showing the payment of state and parish taxes on the property in question by Paul Smallwood for the year 1889; but the date of the receipt inclines us to the view that it does not show a payment of the taxes due on this land for this year by Paul Smallwood himself, but is in some way connected with the payment of the taxes due on the land by Julian Atlow, who in buying the property from the state was bound to pay all the taxes due thereon by Smallwood. It is not claimed in the petition of the plaintiffs that Paul Smallwood paid the taxes due on the land, or that the adjudication to the state was ever redeemed.

The record shows that the sheriff of the parish of St. Tammany, proceeding under Act 80 of 1888, advertised and offered for sale the property in question under the same description whereby it had been adjudicated to the state, and at this offering the property was sold to Julian Atlow. (Spelled in the deed, Atto.) This sale was made December 21, 1889.

The original title to the state and from the state to Atlow was not produced, but the conveyance books of the parish of St. Tammany in which the titles had been recorded were offered in evidence showing the registry of these titles therein. Plaintiffs objected, urging that the conveyance books were not admissible in evidence. The objection was overruled. The ruling was correct. The adjudication to the state and the sale from the state to Atlow could be and was proved in the way stated. Act 43 Ex. Sess., of 1870, Civil Code, art. 2270.

Julian Atlow, after buying the property from the state, departed this life some 8 or 10 years afterwards, and Mathilda Atlow, his wife, died later; each leaving a number of heirs who inherited the land in question from them. Julian Atlow and his estate are shown to have been assessed for the property from 1902 to 1916. During the year 1917, a number of the heirs transferred their interest in the land to Henry Kellar by titles duly recorded. All of the heirs did not sell to Kellar however, so he brought an action against the remaining heirs to compel a partition of the property by licitation. Judgment was rendered accordingly, and at the sale made for the purpose by the sheriff on October 13, 1917, the property was sold and adjudicated to Whitaker Riggs. In this sale the property is described as being the S. ½ of S. E. ¼ Sec. 8, Tp. 9 S., R. 13 E.

Whitaker' Riggs sold the property by title dated February 1, 1918, to A. J. Planche, Sr., and A. J. Planche by title dated November 25, 1918, sold an undivided one-half of the property to Henry Kellar.

Mrs. Planche, wife of August Planche, Sr., departed this life after the sale to Kellar, leaving the other defendants, her children, sole heirs born of her marriage with A. J. Planche, Sr.

This suit was filed June 12, 1926. At that time ten years had not elapsed, count-

ing from the time the property was adjudicated by the sheriff to Whitaker Riggs, and previous to which the property had not been inclosed nor within the actual possession of the defendant, nor of Julian Atlow and his heirs. Therefore, the prescription of thirty years and of ten years acquirendi causa pleaded by defendants cannot prevail.

The defendants commenced an actual possession by inclosure of the entire tract about the time Whitaker Riggs sold to A. J. Planche, Sr.; consequently, defendants are in position to urge in bar of plaintiffs' claim as heirs of Paul Smallwood and wife the prescription of three years under Act 105 of 1874, section 5; also that of three years under Act 185 of 1904; Art. 210 of Constitution of 1879; article 233 of the Constitution of 1898 and section 11 of art. 10 of the Constitution of 1921, barring actions after three years.

Act 105 of 1874, section 5, provides that:

"Any action to invalidate the titles to any property purchased at tax sale under or by virtue of any law of this State, shall be prescribed by a lapse of 3 years from the date of such sale."

The effect of this act is to bar suits to set aside tax sales. The question in cases involving issues like the present under this act is whether or not the description in the tax title is sufficient to reasonably identify the property as being that of the tax debtor for whose taxes it was sold. Barrow v. Wilson, 39 La. Ann. 403, 2 So. 809, and McDougall v. Monlezun, 39 La. Ann. 1005, 3 So. 273. There are many other cases to the same effect.

Then came the Constitution of 1879, art. 210, providing that:

"No sale of property for taxes shall be annulled for any informality in the proceedings until the price paid, with ten per cent interest shall be tendered to the purchaser. All deeds of sale made, or that may be made, by collectors of taxes, shall be received by courts in evidence as prima facie valid sales."

This provision of the Constitution of 1879 is not inconsistent with Act 105 of 1874, section 5, the purpose of which was to bar actions to invalidate tax titles three years after the sale.

Act 80 of 1888 under which the state sold the property to Julian Atlow contains in section 1 a provision making titles acquired from the state under the act in question good and perfect. Section 5 of the act contains further provisions making perfect the titles of purchasers from the state. The only attack made by the plaintiffs on the adjudication to the state in this instance is the objection made to it when it was offered in evidence, that the description 160 acres east of Bayou Lacombe assessed to Paul Smallwood is too indefinite to constitute a sale; that Paul Smallwood owned but 80 acres.

The next provision in the course of time was Act 140 of 1890. Sections 1 and 2 define what shall constitute a valid assessment for the purpose of a tax sale.

Section 3 provides:

"That no assessment or tax sale shall be set aside or annulled for any error in description or measurement of the property assessed, in the name of the owner, provided the property assessed or sold can be reasonably identified."

Section 4:

"That the tax sale shall convey and the purchaser shall take the entirety of the property, neither more nor less, intended to be assessed and sold and such as it was

owned by the delinquent tax payer; regardless of any error in the dimensions, or description of the property assessed and sold and the tax collector in the advertisement or deed of sale may give the full description according to original titles."

The Constitution of 1898, art. 233 provides that:

"No sale of property for taxes shall be set aside for any cause, except on proof of dual assessment, or of payment of the taxes for which the property was sold prior to the date of the sale, unless the proceedings to annul is instituted * * * within three years from the adoption of this Constitution, as to sales already made."

The Act 185 of 1904, sec. 1 provides:

"That any person or corporation holding, or claiming immovable property under a deed made by a Sheriff, or a Tax Collector, or other State or parish officer, which has been on record for more than ten years, and is or purports to be, founded on a forfeiture for taxes theretofore had or made, or conveys or purports to convey an interest or title in such property acquired or pretended to have been acquired by the State, under a tax forfeiture, whether any such forfeiture actually took place or not, shall after the expiration of three years from the passage of this act, be held and deemed to be the absolute owner of the property described in such deed, provided, they or their authors shall have paid, or do pay all taxes assessed against said property for such period of thirteen years; and no Court in this State shall thereafter entertain any suit to cancel or in any wise affect the title of any person or corporation claiming by, through or under such deed."

Defendants and their authors have met the requirements of this act in the matter of the payment of taxes on the land in question.

The Constitution of 1921, art. 10, sec. 11 provides that:

"No sale of property for taxes shall be set aside for any cause, except on proof of payment of the taxes for which the property was sold prior to the date of the sale, unless the proceeding to annul is instituted. * * * within three years from the date of the recordation of the tax deed," etc.

Applying these constitutional and statutory provisions to the description in the adjudication to the state, the description reasonably identifies the property as being the S. ½ of S. E. ¼ Sec. 8, Tp. 9 S., R. 13 E., which belonged to Paul Smallwood at the time of the adjudication to the state. It is situated east of Bayou Lacombe and is the only property he owned. The adjudication there stands as legal, and the prescriptive periods mentioned stand as an absolute bar to plaintiffs' suit.

The description under which this adjudication was made to the state and by the state to Atlow is not more definite than existed in the following cases, in which it was held that the property was sufficiently identified as that which the tax debtor owned at the time of the assessment and tax sale, and that identity appearing, the action of the former owner or his heirs to annul the sale and recover the property from the purchaser was barred by the prescription of three years under these statutory and constitutional provisions urged against the action. Geddes v Cunningham, 104 La. 306, 29 So. 138; In re Lockhart, 109 La. 740, 33 So. 753; Gouaux v. Beaullieu, 123 La. 684, 49 So. 285; Weber's Heirs v. Martinez, 125 La. 663, 51 So. 679; In re Perrault's Estate, 128 La. 453, 54 So. 939; Vannetta et al. v. Busbey, 131 La. 681, 60 So. 76; Landry et al. v. McWilliams, 135 La. 655, 65 So. 875; Board of Com'rs v.

Concordia Land & Timber Co., 141 La. 247, 74 So. 921; Board of Com'rs v. Concordia Land & Timber Co., 149 La. 1053, 90 So. 402; Hollingsworth v. Schanland, 155 La. 825, 99 So. 613; Hollingsworth v. Poindexter, 156 La. 622, 100 So. 790; Nebraska-Tensas Co. v. Moritz, 157 La. 174, 102 So. 195; Pierson v. Castell Land & Harbor Co., 159 La. 158, 105 So. 274; Blanchard v. Estate of Hy. Garland, 6 La. App. 509.

The defendants urge in their brief, citing many authorities, that the adjudication set up against them cannot support a valid adjudication of the property owned by Paul Smallwood, because it calls for 160 acres east of Bayou Lacombe, without any further description. That Paul Smallwood owned but 80 acres.

The fact that the adjudication calls for 160 acres when Paul Smallwood only owned 80 acres is unimportant. The Act 140 of 1890, sec. 4 expressly provides that error in dimension shall not be ground for setting aside an assessment and tax sale. Therefore, the statement in the adjudication to the state, that the tract contains 160 acres, when in fact it contained but 80, did not prevent a valid adjudication to the state taking place for the 80 acres which Paul Smallwood actually owned, nor could that fact prevent the state from passing that 80 which it thus acquired to Julian Atlow, nor the same by mesne and intervening conveyances from him and his heirs to the present defendants.

The opinion and decree of the lower court sustaining the prescription of three years and dismissing plaintiffs' suit is correct.

Judgment affirmed. Plaintiffs and appellants to pay the cost in both courts.